The opinion of the court was delivered by
McEnery, J.
The plaintiffs are the sole heirs and surviving representatives of the plaintiff in suit of A. J. Johns et al. vs. G. W. Race, 18 An. 105. In that suit the defendant had instituted his widow his universal legatee. The plaintiffs sued to reduce the *1171 legacy to two-thirds and to annul it for one-third, as the deceased' left her mother, who had died before the institution of the suit, as her forced heir. The petitioners averred that the estate of the-deceased wife consisted of the sum of five thousand dollars (f5000),. received by the husband from her father’s estate, and in the additional sum of six thousand dollars, with interest coming from the-same estate, and by her mother as her natural tutrix; her half in the community which existed between her and her husband, and two lots and improvements therein, and in money and personal property. They prayed for a partition between them and the defendant, of all property belonging to the succession of the deceased wife. The decree was that the plaintiffs be recognized as the heirs of the-deceased wife; that her last will and testament be annulled so far as-it disposes of more than two-thirds of the property of which she died possessed, and that the two lots of ground, together with the improvements as they existed on the same at the time of the death of defendant’s wife, be declared to belong to the community; that defendant’s rights to improvements which he had placed on the property since the death of his wife was recognized and reserved to him; that the defendant’s account in the liquidation and partition of the succession of his deceased wife for five thousand dollars ($5000) with legal interest from the 15th March, 1853, and for the further sum of seven hundred and seventy-eight dollars and fifty-nine cents; reserving to the plaintiffs any right they may have to other property, rights and credits, not specially mentioned in the decree. A liquidation and partition was ordered of the succession of the deceased wife and the community which existed between defendant and his-wife. The case was remanded to be proceeded in according to law and in conformity to the decree of the court. The party presently-defending is the surviving widow of the second marriage of Geo. W. Race who was the defendant in the former controversy. She went into possession of all the property left by her deceased husband-The present suit is for the purpose of having a final liquidation and partition. In the partition it is alleged the purchase of the two lots-referred to in the decree of A. J. Johns vs. Race was null and void,, but these allegations were withdrawn, and there is little left in the-suit, except plaintiff’s defence to the reconventional demand of defendant.
The prayer of plaintiff’s petition is that after due proceedings- *1172 there be judgment referring the matter in controversy to Nicholas R. Trisb, notary public, for the purpose of effecting a liquidation and partition of the succession of the deceased wife of G. W. Race, late Sarah A. Jones, now held by Olivia O. Race, widow in indivisión with plaintiffs, the said Olivia O. Race being entitled to two-thirds of said property and plaintiffs to one-third, all in accordance with the decree of the Supreme Court rendered in the case of A. J. Johns et als. vs. G. W. Race in 1866, and that the defendant be entitled to account in the liquidation and .partition for one-third of the fruits and revenues of the real estate described in the partition from 1st January, 1866.
As between the parties to this suit the decree in Johns vs. Race is res judicata. The amounts to be paid to the succession of the defendant’s wife were accurately and definitely stated. The right of the defendant to claim the value of improvements placed on the property was reserved. And the right to plaintiffs to demand other rights and credits -was also reserved. Under the decree it was necessary to properly partition the property to have the same preceded by another inventory. This seems to have been recognized by both plaintiffs and defendants, for a motion for a new inventory was made by defendants’ counsel and concurred in by the counsel of plaintiffs. What informalities, if any, there were in the inventory are cured by prescription.
The inventory prayed for was made. The lots were appraised as vacant lots, and the improvements placed on them since the death of defendant’s wife were also separately inventoried and appraised. The lots were appraised at four thousand dollars; the improvements at thirty-six thousand dollars. The debts due by the husband to the wife’s succession, as ascertained by the court, with interest added to the five thousand dollars, were placed on the inventory. “Claims and credits” amounting to seventeen thousand six hundred and •eight dollars and sixty-six cents were also placed on the inventory.
A family meeting in the interest of the minor plaintiffs advised that the lots be sold for cash to effect the partition. On the first application of counsel for plaintiffs and defendants a decree was-provoked, ordering the lots to be sold for cash. The defendant in the partition suit, George W. Race, purchased the property for twenty thousand dollars.
It seems after this sale nothing was done in further prosecution of *1173 the partition. The reason for this inaction, we think, is fully accounted for by the fact that on the final liquidation the plaintiff would be indebted to the defendant. All parties lost interest in the proceedings. George W. Race, the defendant, took no steps to have the indebtedness to him to be judicially recognized, thus exhibiting a willingness to give the plaintiffs the benefit of his claim against them. All parties to the original suit are dead. They seem to have settled all the differences before death. They abandoned the suit and rested with acquiescence, if not satisfaction, upon the logical showing of facts and figures on the inventory. The decree in the-first suit was in 1866. The heirs of the plaintiffs in that suit filed the present suit in 1894. The defendant in that suit, who died in 1881, evidently never had any intention of enforcing his claim against plaintiffs. The District Judge, who knew him, speaks of his generous and magnanimous nature, and members of the court can confirm this estimate of the deceased’s character.
Under the facts of this case we do not think it would be just to the memory of the deceased to allow the demand in reconvention. It would have never been made, we are assured, but for the suit of plaintiffs. The demand in reconvention is stale and the probabilities are that both plaintiffs and defendant in the original suit had settled their differences by tacit consent, to which long silence and inaction have given the force of a positive agreement.
The judgment is amended so as to reject the reconventional demand of defendant; in all other respects it is affirmed.
Mr. Justice Miller concurs in the.decree.