(59 South. 991.)

No. 18,896.

In re GEORGE SARPY & CO.

(Oct. 21, 1912.    Rehearing Denied Dec. 2, 1912.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—SUPREME COURT—JURISDICTIONAL AMOUNT.

Where, in a suit for the liquidation and settlement of a partnership for the manufacture and sale of sugar and syrup during a single grinding season, the plaintiff amended his pleadings so as to restrict his prayer for judgment to the sum of $1,000, "as his net amount in said partnership," *held*, on appeal by the plaintiff from an adverse judgment on the merits, that the amount in dispute was not within the jurisdiction of the Supreme Court, and that the cause should be transferred to the proper court of appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. § 224.*]

Appeal from Civil District Court, Parish of Orleans; W. B. Sommerville, Judge.

Action by Alexander Mouton for the liquidation of the partnership of George Sarpy & Co. Judgment for defendants, and plaintiff appeals. Case transferred to the Court of Appeal.

Albert Voorhies, of New Orleans, for appellant. Chas. J. Théard, of New Orleans, for appellees.

LAND, J.    This suit was instituted by Alexander Mouton for the purpose of liquidating the affairs of a partnership entered into between him and George Sarpy and John A. Wogan for the purpose of operating a certain sugar house belonging to the said Sarpy on the St. George plantation, and therein manufacturing sugar and syrup, during the season of 1906–07. The articles of partnership, annexed to the petition, show that Wogan and Sarpy were to advance the money necessary to repair the sugar house and carry on the operations of the partnership, and that Mouton was to have full charge of the sugar house and of the manufacture of syrup according to a process of his own invention. Mouton was also to give his undivided time and attention to the erection and completion of the required apparatus, and to the manufacture of syrup, during the grinding season, and was to receive a salary of $125 per month for his services.

At the end of the grinding season the profits and losses were to be summed up, and shared equally between the three partners.

It was stipulated that the right to the use of the name Mouton Gold Medal Company should remain the exclusive property of Alexander Mouton at the termination of the partnership.

In November, 1907, Alexander Mouton filed the present suit, alleging that the defendants had refused to make a settlement of the partnership affairs, and that they had during the grinding season used sulphur in making syrup, against the protest of the plaintiff, and in violation of the partnership contract, and that the plaintiff found that, unless restrained by injunction, the defendants would continue to use said plant for said unlawful purpose in violation of proprietary rights of the plaintiff. The petition ended with a prayer that George Sarpy & Co. and George Sarpy and John A. Wogan be cited, and that judgment be rendered in favor of plaintiff and against them; that the court order a liquidation of the partnership affairs to be made in due course between said three partners, to determine their respective rights and liabilities, the same to be fixed and determined by decree in judgment of liquidation; that the proprietary exclusive right of petitioner in his invention and label be recognized; that the plant or apparatus constructed by the partnership in the George Sarpy house be recognized as still belonging to the partnership, and be disposed of in due course of liquidation and settlement; that defendants be enjoined from using said apparatus and plant for the manu-

ufacture of syrup of any kind, and for general relief, etc.

Defendants for answer admitted the contract of partnership, and averred its expiration at the end of the grinding season of 1906-07, and its liquidation, with the result of a loss of $3,600, as shown by statement annexed to the answer. For further answer the defendants averred that they had complied with every obligation imposed on them by the contract of partnership, and denied each and every allegation of the petition, except in so far as admitted.

Defendants then, reconvening, prayed for judgment against the plaintiff for $1,200, with interest and costs.

The plaintiff answered the reconventional demand by a general denial, and made sundry objections to the statement annexed to the answer, reiterated the allegations of the petition as to the violation of his proprietary rights by the defendants, and, reserving his right of action for damages, prayed that, in the liquidation aforesaid, he be allowed "the sum of $1,000 as his net amount in said partnership," and that the reconvention demand be rejected.

The, cause was tried, and there was judgment in favor of the defendants, dismissing plaintiff's suit, and condemning him to pay $1,136.78 to the defendants on their reconventional demand. Plaintiff has appealed.

There has been no formal motion to dismiss the appeal, but counsel for appellees has suggested at the bar that this court has no jurisdiction ratione materiæ.

We think that it is apparent from the record that plaintiff's demand is for $1,000, an amount below the lower limit of the appellate jurisdiction of this court. The case as presented is simply one of accounting between parties.

The appellant, in anticipation of the result, has filed the proper statutory affidavit for

the transfer of the suit to the court of appeal having jurisdiction in the premises.

It is, therefore ordered that this cause be transferred to the Court of Appeal in and for the parish of Orleans for trial and determination according to law.

SOMMERVILLE, J., takes no part.