(81 South. 208)

No. 21712.

MINOR et al. v. YOUNG et al.

(Feb. 3, 1919.    Rehearing Denied March 3, 1919.)

*(Syllabus by Editorial Staff.)*

COURTS ⬡224(2)—APPELLATE JURISDICTION —SUPREME COURT.

In petitory action by alleged natural children of a decedent claiming title by inheritance from her to exclusion of her legitimate sister, defendants' vendor, involving property worth less than $2,000, and question of their acknowledgment by their mother converting them into natural children within Civ. Code, art. 918, entitled to their mother's succession, defendants' appeal was not within Supreme Court's appellate jurisdiction, as defined by Const. art. 85.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. E. Howell, Judge.

A petitory action by Mathilda and Mary Minor against Francis Young and others. Judgment for plaintiffs, and defendants appeal. Cause transferred to the Court of Appeal, First Circuit.

Calvin Wurzlow, of Houma, for appellants.
Harris Gagne, of Houma, for appellees.

O'NIELL, J. This is a petitory action, in which the plaintiffs allege that they are the natural children, or duly acknowledged illegitimate children, of Rachel Clark, deceased, and claim title by inheritance from her, to the exclusion of her legitimate sister, from whom defendants hold title by purchase. The suit was tried twice in the district court. The first trial resulted in a judgment for defendants, and the plaintiffs appealed to the Court of Appeal. That court reversed the judgment, but, on rehearing, found that the plaintiffs had failed to prove that they had been acknowledged by their mother in any one of the forms required by law to convert them into natural children and permit them to inherit the estate of their mother, under article 918 of the Civil Code. The case was then remanded to the district court to allow the plaintiffs to prove that they had been "duly acknowledged" by their mother. The plaintiffs proved merely that the deceased, Rachel Clark, a colored woman, had reared them as her children and had verbally and informally declared that they were hers and that a white man whom she named, and who had died without ever acknowledging the paternity in any way, as far as the record discloses, was their father. The district judge, observing an opinion expressed by the court of appeal (prior to the ruling of this court in the Succession of Lacosst, 142 La. 673, 77 South. 497), but without adopting the opinion as his own, gave judgment in favor of the plaintiffs. The defendants then brought the appeal to this court.

The record contains an admission that the property in contest is worth more than $100 but less than $2,000, and there is noth-

ing in the record to the contrary. No reason is given for not taking the second appeal, like the first, to the Court of Appeal. If appellants' idea is that the case comes within the provision of article 85 of the Constitution that the jurisdiction of the Supreme Court shall extend to all matters of legitimacy of children, it is sufficient to say that there is no contest or question of legitimacy in this suit. The plaintiffs admit in their petition that they are illegitimate daughters of the deceased, Rachel Clark, and the only question to be decided is whether they were acknowleged by their mother in such manner or form as to convert them into "natural children," within the meaning of article 918 of the Civil Code, declaring that natural children are called to the succession of their mother when they have been duly acknowledged by her, if she has left no lawful descendants, to the exclusion of lawful ascendant or collateral relations. On that question depends the title of property of a value within the jurisdiction of the Court of Appeal, not of this court.

It is ordered that this case be transferred to the Court of Appeal, First Circuit. The costs of the present appeal are to be borne by appellants; all other costs are to depend upon the final judgment.

PROVOSTY, J., takes no part, not having heard the argument.