(116 So. 386)

No. 28850.

HEARD v. MONROE SAND & GRAVEL CO.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. Courts ⬦224(11)—Amount of plaintiff's demand which is put in issue determines amount in dispute necessary to give Supreme Court appellate jurisdiction (Const. art. 7, § 10).

In determining whether amount in dispute is sufficient to permit Supreme Court to entertain jurisdiction of appeal under Const. art. 7, § 10, amount of plaintiff's demand that is put in issue is considered.

2. Courts ⬦224(11)—Supreme Court held without jurisdiction where demand was less than $2,000, though claim in reconvention exceeded that sum (Const. art. 7, §§ 1, 10).

In suit on contract, Supreme Court *held* without jurisdiction under Const. art. 7, §§ 1, 10, of appeal, where demand was less than $2,000, though claim in reconvention exceeded that sum.

3. Courts ⬦224(11)—Value of entire contract, only incidentally involved, held not to determine jurisdiction of Supreme Court, where plaintiff merely sought damages for its breach (Const. art. 7, § 10).

Where, in suit on contract, judgment was awarded for breach in sum of about $500 as demanded, and there was nothing in petition asking for decree declaring entire contract valid, *held* that value of contract was not factor in determining appellate jurisdiction of Supreme Court under Const. art. 7, § 10, where validity of contract arose only incidentally in the case.

---

Appeal from Fourth Judicial District Court, Parish of Ouachita; Percy Sandel, Judge.

Action by Mrs. Fay Piner Heard against the Monroe Sand & Gravel Company. Judgment for plaintiff, and defendant appeals. Transferred to Court of Appeal.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellant.

Theus, Grisham & Davis, of Monroe, for appellee.

OVERTON, J. On September 19, 1922, T. E. Stephenson entered into a contract with Mrs. F. Faulk by which he was given the right to remove gravel, sand, and clay from certain land, owned by Mrs. Faulk, in the parish of Ouachita, and by which he bound himself to pay Mrs. Faulk 7½ cents a cubic yard for all gravel, sand, and clay removed by him from her land. On the day following the signing of this contract, Stephenson entered into another contract—in this in-

stance with plaintiff—which is the contract declared upon in this case, by which he bound himself to pay plaintiff 2½ cents a cubic yard for each cubic yard of gravel, sand, and clay removed by him from the land leased to him by Mrs. Faulk. The consideration for this contract is declared to be the arranging by plaintiff, through her husband and agent, J. Faulkner Heard, of the contract entered into by Stephenson with Mrs. Faulk, the granting by plaintiff to Stephenson of a lease similar to that granted by Mrs. Faulk on land owned by her, and adjoining that land, and other valuable services rendered.

This suit is based upon the contract last outlined. Plaintiff alleges that defendant acquired from Stephenson the leases granted by her and by Mrs. Faulk; that, after defendant's acquisition of these leases, it actively engaged in mining gravel from the lands leased, and regularly paid plaintiff 2½ cents for each cubic yard of gravel and sand removed from the land leased by Mrs. Faulk, until October, 1925, when defendant refused to make further payments, under the contract for the payment of the said 2½ cents; that during the month of October, 1925, defendant mined 10,764.32 cubic yards of gravel and sand from the land leased by Mrs. Faulk, for which defendant owes plaintiff $268.32, with legal interest from November 10, 1925; and that, during November, 1925, defendant mined from said land 9,332.30 cubic yards of gravel and sand, for which it owes plaintiff $233.05, with legal interest from December 10, 1925. The prayer of the petition is as follows:

"Petitioner prays that the said Monroe Sand & Gravel Company, Inc., be served with a copy of this petition and cited to answer same and on final trial had for judgment against said defendant for the full sum of $268.32, with legal interest thereon from November 10, 1925, until paid, and in the further sum of $233.05, with legal interest from December 10, 1925, until paid, and all costs of this suit. She prays that her right to sue on any cause of action be reserved, for all other needful orders and decrees in the premises, and for general relief."

The defenses to the suit are that defendant did not obligate itself, in acquiring the lease by Mrs. Faulk to Stephenson, to pay plaintiff any liability assumed by Stephenson in the independent contract entered into between him and plaintiff with reference to a commission or bonus on account of gravel taken from Mrs. Faulk's land; that, although Stephenson, as general manager for defendant, made payments under said contract to plaintiff out of funds belonging to defendant, after defendant had acquired the Faulk lease, still he did so without authority, and that, if it be held that defendant has assumed the obligations of Stephenson with reference to said commissions, by the act of Stephenson in making said payments out of defendant's funds, then the contract between Stephenson and plaintiff for the payment of said commissions is null, because entered into without consideration, and through error, and because Stephenson's signature to it was obtained by fraud. Defendant, after pleading these defenses, then reconvenes, and asks for judgment against plaintiff for $7,670.20, the amount of commissions paid plaintiff by Stephenson out of its funds, with legal interest on each payment, going to make up the aggregate of the payments, from the date each payment was made.

The trial judge, after hearing the case, rendered judgment in favor of plaintiff for the amounts sued for by her, and impliedly rejected defendant's demand in reconvention. From this judgment, defendant has appealed.

[1, 2] The appellee has not filed a motion suggesting that this court is without jurisdiction of this appeal, but it has occurred to us that we have no jurisdiction of it. Where the amount in dispute, as is the case here,

determines our jurisdiction, that amount must exceed $2,000, exclusive of interest. Const. art. 7, § 10. The amount in dispute is determined by the amount of the plaintiff's demand that is put at issue, where issue is joined. American Well & Prospecting Co. v. Lillie Oil Co., 128 La. 660, 55 So. 8; In re George Sarpy & Co., 131 La. 565, 59 So. 991. Here the aggregate amount of plaintiff's demand, exclusive of interest, is $501.37, all of which defendant has put at issue. Plaintiff demands nothing more, save that certain rights be reserved to her. The demand for the reservation of these rights cannot he considered as a factor in determining the right of appeal. The only other demand in the case is defendant's demand in reconvention. But, as we have as much as said, that demand cannot give us jurisdiction. Where an appeal is taken from a judgment on a reconventional demand, and an appeal lies to some court on the main demand, which is the case here, the appeal lies on the reconventional demand to the court having jurisdiction of the main demand. Const. art. 7, § 1.

[3] It might be argued, however, that, as plaintiff sues on two installments, which he contends are due under a contract, and that, as defendant denies that the contract is binding upon it, and attacks its validity, the validity of the entire contract is at issue, and since that contract may be said to be worth over $2,000, this court has jurisdiction. However, the reply to this is that, in so far as concerns plaintiff's demand, the validity of the contract arises only incidentally in the case. Its invalidity is urged by defendant, so far as relates to plaintiff's demand, only for the purpose of defeating that demand, which, as we have said, is only for slightly over $500. There is nothing in plaintiff's petition asking for a decree declaring the entire contract valid. In these circumstances, the value of the contract is not a factor in determining our jurisdiction. The appeal

165 LA.—30

should have been taken to the Court of Appeal.

For these reasons, this appeal is ordered transferred to the Court of Appeal of the Second Circuit, sitting at Monroe; the transfer to be made within 30 days from the date this judgment becomes final, the appellant to pay the costs of the appeal to this court.