(125 So. 621)

No. 30198.

**MRS. P. BEROT & SON v. MONTGOMERY, Tax Collector, et al.**

Dec. 2, 1929. Rehearing Denied Jan. 6, 1930.

L. R. Wertheimer, of New Orleans, for appellants.

Alfred M. Guilbeau, of New Orleans, for appellees.

OVERTON, J. Plaintiffs are engaged in the business of steam-cleaning, dry-cleaning, and steam-pressing of suits, dresses, and oth-

er wearing apparel, and were so engaged during the years 1927, 1928, and 1929. The state tax collector threatened to sue plaintiffs for licenses, claimed to be due the state for those years, under section 25a of Act No. 205 of 1924, together with penalties and attorney's fees on the amounts claimed. Section 25a levies a license on those engaged in the business of steam-dyeing, steam-cleaning, and steam-pressing.

In view of this threat, plaintiffs applied to the first city court for a writ of injunction to restrain the city tax collector and his attorney from attempting to collect the licenses claimed, and from interfering with their business. The ground for the injunction is that plaintiffs are engaged in a mechanical pursuit, and that section 25a of Act No. 205 of 1924, under which the tax collector demanded the licenses, is unconstitutional as it is in violation of section 8 of article 10 of the Constitution of 1921, exempting from license taxation all those engaged in mechanical pursuits.

The case was tried on an agreed statement of facts. The trial court found that section 25a, under which the tax collector proposed to proceed, was not applicable to plaintiffs' business as plaintiffs were conducting it, and therefore found that it was unnecessary to pass upon the constitutionality of the statute, and did not do so, but perpetuated the injunction, on the ground that section 25a is not applicable to plaintiffs' business as that business was being conducted.

Plaintiffs have appealed from the judgment rendered. The object of the appeal is to have this court rule that the section attacked is applicable to plaintiffs' business, and that the section is unconstitutional. The defendants, who are the appellees, concede that the judgment appealed from is correct, and ask that it be affirmed.

As the trial court found that the section

of the statute attacked is not applicable to plaintiffs' business, as plaintiffs were conducting it, and as the defendants have conceded the correctness of this ruling, and urge no complaint as to the perpetuation of the injunction, it would seem that plaintiffs have no interest whatever, in prosecuting this appeal, to have it decreed that the section is applicable to their business, and is unconstitutional. One has no right to pursue an attack on a statute, which it is held, and conceded, is not applicable to him.

This case must not be considered as precedent on the proposition that one has a right to enjoin another from suing him, or from attempting to collect a debt from him. No such proposition has been presented here, and therefore no such proposition has been considered.

The judgment appealed from is affirmed.