**No. 2949**

**Second Circuit**

**BABB v. HOLLINGSWORTH ET AL.**

(July 5, 1930. Opinion and Decree.)
(July 31, 1930. Rehearing Refused.)

John T. Campbell, of Minden, attorney for plaintiff, appellee.

L. K. Watkins, of Minden, attorney for defendants, appellants.

ODOM, J.   On December 30, 1925, plaintiff and defendant entered into a contract by which defendant agreed to sell plaintiff a tract of land situated in Red River parish, valued at $47,950, to be paid as follows:  $4,725 cash, and the balance to be paid by the delivery of a deed executed by Babb to Hollingsworth of certain real estate owned by Babb, situated in the parish of Webster, consisting of a farm of about ninety acres and all improvements thereon adjoining the town of Minden, valued at $21,000, and certain real estate situated in the town of Minden, valued at $3,500, said Babb to assume a mortgage on the Red River property amounting to $18,725.

At the time this agreement was signed, the plaintiff deposited his check for $750 with one J. H. Boss, who was acting as agent for defendant, with the understanding, it is alleged, that said check was not to be cashed unless and until the deal was closed.   The deal was never closed, although Boss cashed the check and turned the proceeds over to Hollingsworth.

Plaintiff brought the present suit alleging that this contract of sale and exchange was conditioned upon the approval of the title to the properties owned by the respective parties; that plaintiff was furnished an abstract of the Red River property by Hollingsworth, upon an examination of which plaintiff refused to approve the title to the Red River property; whereupon, the plaintiff declined to complete the exchange of properties and demanded the return of his check for $750, which was refused.   He alleged further that after he had declined to accept the title to Hollingsworth's property on the advice of his attorney, the said Hollingsworth caused a copy of said contract to be filed and recorded in the conveyance records of Webster parish; that the recordation of said contract is a cloud upon the title to his property.   He further alleged that because of the refusal of defendant to cancel said contract and erase the same from the records of Webster parish, it became necessary for him to employ an attorney to bring suit to cancel the same, at a cost to him of $750; that he has been damaged in the sum of $450 on account of the recorda-

tion of said contract; and that he is entitled to recover the sum of $750, the proceeds of the check which he deposited. He prayed for judgment "cancelling and annulling and decreeing of no force and effect the instrument recorded in Volume 70, page 349, and ordering the same cancelled and erased from the records of Webster Parish," and for a money judgment against said defendants jointly and in solido in the full sum of $1,950.

Defendant excepted to the jurisdiction of the court ratione personae and ratione materiae and at the same time tendered an order directed to the clerk of the district court of Webster parish to cancel from the records the said contract.

Defendant answered denying generally the allegations of plaintiff's petition, except the signing of the contract and its recordation, as alleged. He especially alleged that he had offered to comply in every respect with the agreement which he had entered into with plaintiff; that he had furnished an abstract of his property; that plaintiff had promised to furnish an abstract of his Webster parish property, but had failed to do so; and that the failure to carry out the agreement was due to plaintiff's fault and not to his own.

Further answering, defendant alleged that he had tendered an order to the recorder to have the erasure made, "reserving all rights and claims your defendant had under said written agreement and denies that same has ever been cancelled or satisfied by John Babb in any particular. Answering further denies that there was any defects of title in the property that your defendant was to deed to John Babb."

In reconvention defendant alleged that plaintiff had failed to comply with said agreement; that he was justly and legally entitled to a deed to the property that John Babb was to deed to him under the exchange agreement, and was entitled to receive the money that Babb agreed to pay him according to said agreement; and that on account of the said Babb's failure to do so, he had been damaged to the extent of $10,000 as profit which he could have made on the deal; and in the alternative, alleged that he had sustained a loss in the same of the property that he was to deed to Babb in the sum of $6,000. He prayed for judgment against Babb in reconvention for these amounts.

It is perfectly clear that the main demand in this suit is for the cancellation of a contract involving the sale and exchange of properties valued at sums far beyond the maximum jurisdiction of this court. It is true that the money judgment demanded by plaintiff is for $1,950, which is less than our maximum jurisdiction. But the demand for the money judgment is a mere incident to the main demand which, as stated, was for the cancellation of the contract and its erasure from the records.

We note that plaintiff states in his brief that he tendered in limine an order to have the contract erased from the records and that the issue as to the validity of the contract passed out of the case. But a reading of the pleadings shows that such is not the case. Defendant in his answer and reconventional demand specifically states that while he is willing that the said contract be erased from the records, yet he reserved all rights which he had under the contract and alleged that the same was violated, not by himself, but by the plaintiff, for which violation of the contract he demanded damages in the sum

of $10,000. Plaintiff asked not only that the contract be cancelled from the records, but asked further that the court decree the same null and of no force and effect. The issue as to the validity of the contract was carried through the entire case and was submitted to the court for decision. The court rendered judgment decreeing, among other things, "that the instrument recorded in Volume 70, at page 349, of the Conveyance Records of Webster Parish, Louisiana, be declared null, void and of no force and effect, and that the same be cancelled and erased from the Conveyance Records of Webster Parish, Louisiana."

The theory upon which the case was appealed to this court seems to be that the demand for a money judgment was the principal demand. But that is not true. The principal demand is for the canceling of a contract which involves property worth $47,950. The demand for a money judgment is purely incidental. The main demand controls. If the main demand had been for a money judgment and the invalidity of the contract had been urged by defendant for the purpose of defeating that demand, a different situation might be presented. See Heard v. Monroe Sand & Gravel Co., 165 La. 926, 116 So. 386; Monjure v. Cousins, 160 La. 208, 106 So. 785.

There has been no motion made to dismiss or to transfer the case, but this court ex officio takes notice of its lack of jurisdiction, and accordingly transfers the case to the Honorable Supreme Court, under the provisions of Act No. 19 of 1912. Appellant is given sixty days in which to perfect his appeal to the Supreme Court; costs of this appeal to be paid by appellant.