O’NIELL, C. J.
 

 The Court of Appeal has asked whether a judgment which that court rendered in a petitory action, for property having a value within the jurisdiction of the court, is null for want of jurisdiction because, in order to decide who owned the property, the court had to decide the question of legitimacy of certain heirs from whom the plaintiff claimed title, and had to decide also whether an act purporting to legitimate the defendants was valid. The judgment was rendered in the case of W. B. Smith v. Daisy Adams Rambo et al., 15 La. App. 448, 131 So. 524.
 

 Our answer is that the case was within the jurisdiction of the Court of Appeal and that the judgment which the court rendered is therefore a valid judgment. The jurisdiction of the court was determined properly by the value of the property in contest, notwithstanding the title to the property depended- upon the question of legitimacy of certain heirs. The provision in section 10 of article 7 of the Constitution 1921 giving the Supreme Court “appellate jurisdiction of all suits * * * involving' * * * the legitimacy, or custody of children, and of matters of adoption and emancipation,” has reference to suits in which one of the matters mentioned is the matter in contest. That provision in the Constitution does not mean that the Supreme Court shall have appellate jurisdiction of every case in which the question of legitimacy of a person arises incidentally, or has to be decided in order to settle the matter in contest. For example, section 10 of article 7 of the Constitution excludes from the appellate jurisdiction of this court suits for compensation under the Employers’ Liability Act, or Workmen’s Compensation Law; and it happens often that the legitimacy of a dependent claiming compensation for the death of an employee is questioned by the defendant in such a case.
 

 In Minor v. Young, 144 La. 635, 81 So. 208, it was held that the suit, being a petitory action for property worth less than $2,000, was within the jurisdiction of the Court of Appeal, notwithstanding the decision depended upon the question whether the plaintiffs, who were illegitimate children, were duly acknowledged, or “natural children.”
 

 In Heard v. Monroe Sand & Gravel Co., 165 La. 925, 116 So. 386, being a suit for $501.37, it was held that the case was within the jurisdiction of the Court of Appeal, notwith
 
 *397
 
 standing the defendant had put at issue — and the plaintiff’s right to recover depended upon —the validity of a contract of a value exceed-ing $2,000.
 

 The ruling in Delpit v. Canal Bank & Trust Co.(Succession of Mingo), on rehearing, 143 La. 298, 78 So. 565, on the question of jurisdiction, is not in conflict with our opinion in this case. There, Ernest Delpit and his brothers and sisters, claiming to be the legitimate brothers and sisters of the deceased, Victoria White Mingo, opened her succession and obtained an ex parte order iof court sending them into possession of the estate. They obtained a rule on a certain bank to show cause why a deposit of $736.50 should not be turned over to them. The bank refused to assume the responsibility for paying the amount to the Delpits, because Mrs. Mingo was survived by her husband, Smiley Mingo. The bank, therefore, deposited the amount into the registry of the court and asked to have Smiley Mingo cited to assert whatever claim .lie might have on the fund. He filed what he called a petition of intervention, in which he alleged that the Delpits were illegitimate children of the parents of the deceased, Victoria White Mingo, and in which petition Smiley Mingo prayed that the ex parte order recognizing the Delpits to be the heirs of the deceased should he annulled, and that he should be recognized as the only heir of his wife. This court exercised appellate jurisdiction over the suit between Smiley Mingo and the Delpits, because, as we explained on rehearing, there was no suit or contest between the Delpits and the hank, with regard to the deposit of $736.50, and because the so-called petition of intervention of Smiley Mingo was in fact an original petition, tendering for the first time the question of legitimacy of the Delpits, and claiming the whole estate.
 

 Our answer to the question propounded by the Court of Appeal is that that court did have jurisdiction to decide the ease of W. B. Smith v. Daisy Adams Rambo et al., 15 La. App. 448, 131 So. 524.