For the reasons assigned the judgment appealed from is affirmed.

58 So.2d 406

**FALCON v. FALCON.**

**No. 39492.**

March 24, 1952.

C. A. Blanchard, Donaldsonville, for plaintiff-appellant.

Blum & Marchand, by George R. Blum, Donaldsonville, for defendant-appellee.

HAMITER, Justice.

In her written motion for the instant appeal in this divorce proceeding, and in her brief filed here, plaintiff states that she is aggrieved by the judgment of the district court in the following particulars:

1. The divorce granted to her should have been predicated on defendant's acts of adultery rather than on his continuous separation from her of more than two years; and

2. The alimony award in her favor of $55 per month is inadequate and should be increased.

Plaintiff, in her petition, alleged that she is entitled and desires to secure an absolute divorce from her husband on the alternate grounds of (a) their having lived separate and apart for a period of more than two years immediately prior to the filing of the suit and (b) her husband's acts of adultery. She prayed, among other things, for an absolute divorce and alimony of $200 per month.

Answering the petition, the defendant husband admitted the allegation respecting the two years' separation; but he denied that plaintiff was entitled to a divorce on the ground of adultery. Further, he averred that he has been sending plaintiff the sum of $55 per month for her upkeep, care and maintenance.

At the trial plaintiff introduced testimony in support of the two alternate causes of action alleged for the divorce and also evidence in behalf of her demand for alimony. Then, on resting her case, her attorney announced: "We abandon our claim for a two years' separation and stand on the ground of adultery." Immediately thereafter, without the court ruling on such announcement, the defendant proceeded to offer his evidence which concerned almost entirely the alimony demand.

The judgment of the district court (as before shown) was in favor of plaintiff, granting "an absolute divorce because of two years' living separate and apart," and awarding alimony of $55 per month. This appeal by plaintiff followed. Defense counsel, in their brief, state that the judgment "is manifestly correct and should be affirmed."

■ We find no merit in the complaint that the divorce should have been rendered on the ground of adultery rather than on the two years' separation. Plaintiff merely asked for a judgment of divorce, the prayer of the petition not specifying any particular ground on which it should be granted. And

having received that which she requested—a divorce—she is not aggrieved by the grant.

■ True, her counsel, during the course of the trial, announced an abandonment of the two years' separation allegation; but by the announcement, on which no ruling was made, was not binding on the court and could not prejudice any rights of the defendant, particularly in view of the latter's admission of the two years' separation both in his answer and in his testimony.

■ Clearly inapplicable is Code of Practice Article 491, relied on by plaintiff's counsel, which recites: "The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs." Counsel's attempted abandonment of one of the two alternate causes of action did not amount to a discontinuance of the suit or of any demand therein.

■ On the question of alimony the award to plaintiff of $55 per month appears to be insufficient. The suit was filed November 10, 1947. For that year, according to the evidence and as found by the trial judge, the defendant's total net earnings approximated $2700, or an average of $225 per month. On the other hand plaintiff, who was blameless with respect to the continuous living apart and the divorce, is in ill health, requires frequent medical attention, is unable to work, and pays $25 per month house rent. Under these circum-

stances the alimony award to plaintiff, we think, should be increased to $75 per month.

For the reasons assigned the judgment appealed from is amended by increasing the alimony award to plaintiff from $55 per month to $75 per month; and as amended the judgment is affirmed. Defendant shall pay all costs.