164 So.2d 637 (1964)
Jack K. SIMPSON, Plaintiff-Appellee,
v.
KIMBELL MILLING COMPANY et al., Defendants-Appellants.
No. 1138.
Court of Appeal of Louisiana, Third Circuit.
May 28, 1964.
Rehearing Denied June 17, 1964.
*639 Blanchard, Goldstein, Walker & O'Quin, by Wilton H. Williams, Jr., Shreveport, for defendants-appellants.
Thomas & Friedman, by Gerard F. Thomas, Jr., Gahagan & Gahagan, by Marvin F. Gahagan, Natchitoches, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
The plaintiff Simpson was injured when his automobile was involved in a collision with a Kimbell Milling Company truck-trailer. He sues Kimbell and its driver for damages thereby sustained. After trial, the district court dismissed the suit on the ground that the plaintiff's contributory negligence bars his recovery.
The plaintiff did not appeal the dismissal of his suit. However, the defendants do appeal insofar as a portion of the trial court judgment held that Kimbell's driver was negligent. The defendants contend that they are prejudiced thereby because such judgment is, by reason of such holding incorporated therein, being pleaded as res judicata in a federal suit by Kimbell to recover from Simpson (the present plaintiff) for damages caused by the accident.
The plaintiff has filed a motion to dismiss the defendants' appeal.
Motion to Dismiss the Appeal.
The plaintiff contends that the defendants, having prayed for the dismissal of the suit, cannot appeal from the trial judgment dismissing it in accordance with their demand.
The plaintiff thus relies upon Louisiana jurisprudence to the effect that a party cannot appeal from a judgment rendered in his favor in strict accordance with his prayer for relief. Succession of Dickson, 227 La. 838, 80 So.2d 433; Falcon v. Falcon, 221 La. 14, 58 So.2d 406; Moser v. Moser, 213 La. 290, 34 So.2d 782. These decisions accord with the general rule in other jurisdictions that a party may not appeal from a judgment granting him full relief. Annotation, AppealRight of Winning Party, 69 A.L.R.2d 701.
The basic reasoning behind this rule is that a party is not aggrieved or prejudiced by the trial judgment which affords him the full relief he prays for. 69 A.L.R. 2d 706. Further, as noted in the fountainhead case in this line of Louisiana decisions, a party who obtains a judgment in accordance with his prayer, is estopped to deny the correctness of the judgment, in the same manner as if he had acquiesced in it or executed it voluntarily. State ex rel. John T. Moore Planting Co. v. Howell, 139 La. 336, 71 So. 529.
This general rule is not without exceptions, however. It does not apply usually where the successful party has a justifiable interest in appealing, such as where the judgment contains adverse adjudications which will prejudice the appealing party. 69 A.L.R.2d 721 et seq. See: Salassi v. Salassi, 220 La. 785, 57 So.2d 684; Barbara, Inc. v. Billelo, 212 La. 937, 33 So.2d 689; Hewes v. Baxter, 45 La.Ann. 1049, 13 So. 817; Police Jury, to Use of New Orleans, Opelousas & Great Western R. Co. v. Succession of McDonogh, 8 La.Ann. 341.
In the case before us, a finding that the defendants were guilty of negligence was specifically incorporated in the final judgment itself (as distinguished from the reasons for judgment rendered separately, LSA-CCP Art. 1918).
Where a finding of fact or law is placed in the judgment itself, it may become the basis for res judicata or estoppel, and, if the finding is shown to be prejudicial to appellant's interest, the appellant has the right to appeal even though the judgment itself be in his favor. 69 A.L.R. 2d 724 (Section 10c) and 749 (Section 19c). See Hewes v. Baxter, 45 La.Ann. 1049, 13 *640 So. 817.[1] Also, the successful party may be afforded the right to appeal a judgment in his favor in accordance with his prayer, when the interest of justice so requires or where injustice may result if an appeal is not allowed. Salassi v. Salassi, 220 La. 785, 57 So.2d 684; 69 A.L.R.2d 723 (Section 9b).
In the case before us, we think that the defendants have the right to appeal from the judgment in their favor. They may be prejudiced by the finding incorporated in the final judgment itself that their own negligence also contributed to the accident, which finding might constitute res judicata against them in other proceedings arising out of the same accident.
Further, although the judgment dismissing the suit was rendered in accordance with the defendants' prayer for dismissal thereof, they did not pray that the judgment of dismissal also decree them to be negligent themselves. To that extent, therefore, the judgment was not really rendered in accordance with their prayer, and they are not prevented, by the general rule previously discussed, from appealing that prejudicial portion of the judgment which was not sought by the prayer of their pleadingsfor they did not, to that extent, acquiesce in the judgment rendered in their favor and estop themselves through their own prayer from attacking the judgment rendered in their favor.
The motion to dismiss is therefore overruled.
The Merits.
This litigation results from an accident wherein the plaintiff's automobile and the defendants' truck-trailer sideswiped one another as they approached from opposite directions. The accident occurred shortly after midnight on a state highway in open country. It was foggy at the time, and both vehicles approached with their headlights dimmed.
The essential factual issue concerns whether either or both of the oncoming vehicles encroached partly into the other's lane. In dismissing the suit, the trial court concluded that both vehicles were driving so close to the center line of the highway as to be partly in the other's lane, so that both the defendant driver and the plaintiff himself were guilty of negligence contributing to the accident.
There are only two witnesses to the accident, the plaintiff himself and the defendant driver. The plaintiff driver was positive that he was within his own lane when the oncoming truck struck him, since he had been driving in the fog with especial care to stay between the white center line and a white line on his right edge of the highway. Before the impact, he had seen only the lights of the oncoming truck, with its body looming out of the fog almost simultaneously with the collision.
The defendant truck driver was likewise positive that the impact occurred within his own lane. He stated that he observed the plaintiff's oncoming car on the highway approaching from approximately one-half mile distant, driving straight within its own lane. He stated that, when the truck was approximately one hundred feet distant from the oncoming car, the car veered slightly, about two feet, into the truck driver's lane, and a collision occurred before the defendant driver had any opportunity to brake his truck-trailer.
*641 The trial court noted that the place of the impact could not be determined from the testimony of either driver. The trial court further noted that the physical evidence surrounding the accident did not directly support a finding that the collision occurred in either lane.
While there was a gouge-mark within the defendants' lane, there was also one within the plaintiff's. There were no tire marks on the highway in the area of the impact, although both vehicles made tire marks commencing from forty feet on the other side (i.e., after) the impact. Further, the damage to both vehicles, each being struck on the left front corner and left side, was consistent with the point of impact being on either side of the highway. Debris and broken glass was scattered in both lanes of the highway.
The trial court concluded that from the physical evidence it appeared that both vehicles had driven too close to the center line, so that the defendants' truck had encroached on a portion of the plaintiff's lane, and so that the plaintiff was either too close to or across the center of the highway. Based upon such conclusion, the trial court held that the defendants were negligent in encroaching on the plaintiff's side of the highway, and that the plaintiff was likewise contributorily negligent for encroaching on the defendant's lane.
Under the circumstances reflected by the record and the trial court's evaluation of the testimony, we believe that the trial court erred as a matter of law in not requiring the plaintiff to bear the burden of proving that the defendants' truck negligently encroached upon the plaintiff's lane. While (as the trial court held) there is a distinct possibility under the evidence that the accident occurred because both vehicles encroached into the other's lane, there is also a distinct possibility that the accident occurred, as the defendant driver testified, because the plaintiff veered slightly into the oncoming truck's lane (due possibly to the highway's slight curve to the plaintiff's right in the area of the collision).
The trial court gave no more weight to the testimony of one driver than to the other's. Further, it discounted as inconclusive the testimony of the investigating police officer, who tended to place the impact as within the defendants' truck lane rather than the plaintiff's lane. There is no other evidence which definitely tends to place the impact in either the plaintiff's or the defendants' lane, or which tends to show the truck encroached into the plaintiff's lane at the time of the impact.
Under all of these circumstances, in our opinion, the trial court erred in failing to hold that the plaintiff had the burden of proving negligence on the part of the defendants' driver, and that because of the uncertainty of proof (under the trial court's evaluation of the testimony) as to whether the truck had encroached onto the plaintiff's lane, the plaintiff failed to sustain this burden. As stated in Lanoix v. Home Indemnity Co., La.App. 3 Cir., 13 So.2d 501, 503 a headon collision where, as in the present case, no acceptable eyewitness testimony was available to aid the court in its determination, the physical evidence as to encroachment as a cause of the accident "`must not leave the causal connection a matter of conjecture; it must be something more than consistent with plaintiff's theory as to how the accident occurred. Where the proof of causal connection is equally balanced, or the facts are as consistent with one theory as with another, plaintiff has not met the burden [of proof] the law casts upon him'."
We might add, in order to prevent any misconstruction of our decree herein, that we are holding only that the plaintiff has failed to prove by a preponderance of the evidence, as such was evaluated by the present trier of fact, that the accident occurred because the defendants' driver negligently encroached into the plaintiff's lane. However, we do not mean to hold, further, that the evidence in the present proceedings preponderantly proves, either, that the accident occurred because, on the other hand, *642 the plaintiff negligently encroached into the defendants' lane.
Having found that the plaintiff did not prove the defendants to be negligent herein, the plaintiff's suit must be dismissed on that ground. It is therefore unnecessary to pass upon whether plaintiff was contributorily negligent in any respect.
Decree.
For the foregoing reasons, the judgment of the trial court is amended so as to strike out the finding therein that the defendants were guilty of negligence and that the plaintiff was guilty of contributory negligence; as thus amended, the judgment is affirmed in all other respects. The plaintiff-appellee to pay the costs of this appeal.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., dissents from refusal to grant rehearing, being of the opinion that motion to dismiss should be maintained.
NOTES
[1] If a finding is not incorporated in the final judgment itself, it may not be binding in subsequent litigation, Johns v. Race, 48 La.Ann. 1170, 20 So. 660, since the reasoning and opinion of a court in rendering the judgment are not necessarily within the doctrine of res judicata, Davis v. Millaudon, 17 La.Ann. 97, 87 Am.Dec. 517. Thus, a party appealing a decree in his favor and in accordance with his prayer cannot appeal, at least in the absence of prejudice, simply in order to have the judgment in his favor based upon a different ground. Falcon v. Falcon, 221 La. 14, 58 So.2d 406; P. Perot & Son v. Montgomery, 169 La. 571, 125 So. 621; 69 A.L.R.2d 742 (Section 19a).