TATE, Judge.
We note we do not have appellate jurisdiction of this case.
*797 This appeal is from the Lake Charles City Court. The main demand on this suit on an open account is to recover an amount less than one hundred dollars, namely, $51.-24. The defendant reconvened for $963.64. Judgment was in favor of the defendant on the reconventional demand in the amount of $500, less a credit of $51.24 as sought by the plaintiff on its main demand.
This court does not have appellate jurisdiction of civil demands for monetary judgment of one hundred dollars and less, although we do have jurisdiction if more than one hundred dollars is sought. La. Const, of 1921, Article 7, § 29 (as amended in 1958). Appeals from city court suits involving one hundred dollars or less are to be taken to the district court of the parish, where the case is tried de novo. LSA-C.C.P. Arts. 4891, 4899. In cases involving more than one hundred dollars, the appeal from city court is to be taken directly to the appropriate appellate court. LSA-C.C.P. Art. 5002.
By specific constitutional directive, appellate jurisdiction is determined by the amount of the main demand, not by the amount involved in a reconventional demand. Article VII, Section 1 of the Louisiana Constitution, provides: “ * * * In all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand. If there be no right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconven-tional demand.”
In explaining this constitutional test of appellate jurisdiction, our Supreme Court stated in Louisiana State Rice Milling Co. v. Gage, 162 La. 350, 352, 110 So. 555, “One of the purposes of this provision is to make the main demand the basis for determining to which court the appeal shall lie, where an appeal lies from the judgment on that demand, whether the appeal be taken from the judgment on the principal and re-conventional demands or from either, and whether by the plaintiff or defendant or both.”
In this case, therefore, the appellate jurisdiction is determined by the amount of the main demand ($51.24). Being for less than one hundred dollars, the district court, not the court of appeal, has appellate jurisdiction, even though the judgment was rendered upon the reconventional demand in a monetary amount sufficient to confer appellate jurisdiction upon this court if sought by the main instead of the recon-ventional demand.
See: Ducore v. Gross, 234 La. 11, 99 So. 2d 4; Heard v. Monroe Sand & Gravel Co., 165 La. 925, 116 So. 386; Monjure v. Cousins, 160 La. 208, 106 So. 785.
Counsel for the plaintiff-appellant astutely argues, however, that in the present case appellate jurisdiction should be determined by the reconventional demand because of the last sentence of the quoted constitutional provision: "If there be no right of appeal on the main demand, the appeal shall lie to the Court having jurisdiction of the reconventional demand.” (Emphasis supplied.) Counsel contends that, since the plaintiff obtained judgment in the full amount ($51.24) sought by its main demand, then the plaintiff has no further right of appeal because of application of the principle that a party who obtains judgment in accordance with his prayer ordinarily cannot appeal that judgment. See: Salassi v. Salassi, 220 La. 785, 57 So.2d 684; Simpson v. Kimbell Milling Company, La.App. 3 Cir., 164 So.2d 637.
This argument overlooks, however, that while the plaintiff may not have had a right to appeal the judgment on the main demand, the defendant could appeal the judgment adverse to it on the main demand, and thus had a “right” to appeal it. If the appellant’s construction were followed, the plaintiff could appeal to this court from ad *798 verse judgment on the reconventional demand, while the defendant could appeal to the district court from the adverse judgment on the main demand. Allowing the possibility of two different courts hearing separate appeals from the interrelated demands of the litigation would disregard the evident purpose of the constitutional provision to prevent such confusion and disruption of orderly review. The provision was intended, as here, to prevent any confusion and to eliminate uncertainty of appellate jurisdiction by arbitrarily providing that the appeal should be taken only to the court with appellate jurisdiction over the main demand, despite the circumstance that appellate jurisdiction of reconventional and incidental demands might thus be conferred upon courts otherwise without such jurisdiction. Cannella v. Succession of Cannella, 216 La. 464, 43 So.2d 79S; Robinson Mercantile Co. v. Freeman, La.App. 1 Cir., 172 So. 797 (judgment not yet rendered on main demand; main demand nevertheless determined appellate jurisdiction over dismissal of reconventional demand).
The Fourteenth Judicial District Court of Calcasieu Parish therefore, not the present court, has jurisdiction of this appeal in a suit with demand of less than one hundred dollars from the Lake Charles City ■Court of that parish. LSA-C.C.P. Art. 4899. However, under LSA-C.C.P. Art. 2162: “ * * * If an appeal is taken to an appellate court which has no jurisdiction •over it, the court may transfer the appeal to the proper court, upon such terms and •conditions as it may prescribe. * * * ”
It is therefore ordered that this appeal be transferred within thirty days from the date of the finality of this decree to the Fourteenth Judicial District Court, Cal-casieu Parish, to be proceeded with according to law, otherwise said appeal to be dismissed. Costs of the transfer and proceedings in this court to be paid by the appellant ; all future costs to await final disposition of the case.
Appeal transferred.