NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1162

COLLEEN ANN FRUGE FOREMAN and
KEITH W. FOREMAN, JR.

VERSUS

CURTIS P. CART AND CURTIS JAMES CART

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2004-1039
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

APPEAL DISMISSED.

Jack W. Caskey
Attorney at Law
704 Ryan Street
Lake Charles, LA 70602
Counsel for Plaintiffs/Appellants:
     Keith W. Foreman, Jr. and
     Colleen Ann Fruge Foreman

R. Michael McHale  Jr.
McHale Law Firm
631 Kirby Street
Lake Charles, LA 70601
Counsel for Defendants/Appellees:
     Curtis P. Cart and
     Curtis James Cart

**PICKETT, Judge.**

The plaintiffs, Colleen Ann and Keith W. Foreman, appeal a judgment of the trial court denying their motion for summary judgment which sought to have a judgment rendered by the trial court on May 18, 2005, and signed by the court on March 27, 2006, annulled. For the following reasons, we dismiss plaintiffs' appeal.

**FACTS**

This case arises out of a neighborhood squabble between two groups of residents over the use of a private road, Kim Street, in Sulphur, Louisiana, and over the mistreatment of each other by the adverse parties. The alleged misbehavior of the two groups included allegations of death threats, batteries, stalking, trespassing, and annoying telephone calls and led to the plaintiffs filing a suit for a "Permanent Injunction" on February 5, 2004. A temporary injunction was issued that day, and a hearing was scheduled for February 17, 2004. On February 17, 204, both the hearing and the temporary injunction were continued. The suit languished for some fifteen months until May 5, 2005, when a hearing was held, and another "Temporary Injunction" was issued and a hearing scheduled for May 18, 2005.

On May 18, 2005, a definitive hearing was finally held in the matter. Thirteen parties appeared in court: Colleen and Keith Foreman, the original plaintiffs; Curtis P. and Curtis J. Cart; and nine others. At the close of that hearing the trial judge called all thirteen of the parties before the bench and orally issued the "Permanent Restraining Order" which forms the basis for this appeal. The order prohibited each of the thirteen parties present during the hearing from engaging in the following acts in reference to each other member of the group:

> 1) Harassing, molesting, or bothering at any time or place in any form, fashion or manner;

2) Obstructing Kim Street, Sulphur, Louisiana at any time, in any form, fashion or manner; or any ingress or egress onto or on Kim Street, Sulphur, Louisiana;

3) Communicating in any form or fashion at any time or at any place;

4) Committing any act designed for the purpose of irritating or bothering, molesting or harassing.

Also, the judgment stayed any further proceeding in the matter for 120 days, to give the District Attorney time to "conduct an investigation concerning the matters raised in this suit." The oral judgment rendered May 18, 2005, was not signed until March 27, 2006. Approximately six months later, on September 15, 2006, the plaintiffs filed a writ application with this court seeking to have the judgment signed March 27, 2006, declared null and void. This court refused to consider the writ, finding it untimely. Three days after ths court refused the writ, on September 25, 2006, the plaintiffs filed a petition in the trial court to have the judgment of March 27, 2006, declared a nullity. Thereafter, on January 11, 2007, the plaintiffs filed a motion for summary judgment in connection with their petition of September 25, 2006 ("Petition To Have Judgment Declared A Nullity"). The motion was heard and denied on March 30, 2007. A judgment to that effect was signed June 12, 2007. This appeal followed.

## LAW AND DISCUSSION

The plaintiffs in this suit sought a permanent injunction, the relief they sought was granted by the trial court and now, they seek to have the judgment granting the relief originally sought declared a nullity. This they cannot do. Under La.Code Civ.P. art. 927, an exception of no right of action may be noted by the trial or appellate court on its own motion. We recognize that exception herein.

2

It is well established that *only* a party aggrieved by a trial court judgment has the right to an appeal.  *State, Dept. of Transp. & Dev. v. Estate of Summers*, 527 So.2d 1099 (La.App. 1 Cir.1988).  In *Simpson v. Kimbell Milling Co.*, 164 So.2d 637, 639 (La.App. 3rd Cir.), *writ refused*, 246 La. 834, 167 So.2d 665 (La.1964), Justice Albert Tate Jr., who was a judge on this court at the time, explained:

> The [appellee] contends that the defendants, having prayed for the dismissal of the suit, cannot appeal from the trial judgment dismissing it in accordance with their demand.
>
> The [appellee] thus relies upon Louisiana jurisprudence to the effect that a party cannot appeal from a judgment rendered in his favor in strict accordance with his prayer for relief.  Succession of Dickson, 227 La. 838, 80 So.2d 433;  Falcon v. Falcon, 221 La. 14, 58 So.2d 406;  Moser v. Moser, 213 La. 290, 34 So.2d 782.  These decisions accord with the general rule in other jurisdictions that a party may not appeal from a judgment granting him full relief. Annotation, Appeal--Right of Winning Party, 69 A.L.R.2d 701.
>
> The basic reasoning behind this rule is that a party is not aggrieved or prejudiced by the trial judgment which affords him the full relief he prays for.  69 A.L.R.2d 706.  Further, as noted in the fountainhead case in this line of Louisiana decisions, a party who obtains a judgment in accordance with his prayer, is estopped to deny the correctness of the judgment, in the same manner as if he had acquiesced in it or executed it voluntarily.  State ex rel. John T. Moore Planting Co. v. Howell, 139 La. 336, 71 So. 529.

Accordingly, for the reasons stated, the plaintiffs' appeal is dismissed.  All costs of this appeal are assessed against the plaintiffs, Colleen Ann and Keith W. Foreman.

**APPEAL DISMISSED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.**
**Uniform Rules—Courts of Appeal, Rule 2-16.3.**