### BRAND *vs.* JONES.

#### APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

There is no appeal from a judgment, by consent.

No evidence can be received in the Supreme Court that a judgment by consent was entered up differently from the consent and agreement between the parties.

A judgment of the inferior court cannot be corrected and amended in the Supreme Court, even by consent.

This is an action on a promissory note for four hundred
and thirty-seven dollars and fifty cents, given for rent of a
house, and for one hundred dollars damages on account of
injuries done to the house, and further, that the furniture be
provisionally seized.

The defendant pleaded a general denial, and averred that
he was not indebted for damages, and that a claim for
damages could not be cumulated with a suit on a note; and

EASTERN DIST.
June, 1840.

BRAND
*vs.*
JONES.

further, that the plaintiff was indebted to him in the sum of one hundred and fifty dollars for necessary repairs put on the house; fifty dollars for professional services, and fifty dollars damages for vexatious and illegal proceedings against him, and that the defendant be condemned to deliver up a note of his in his possession. Some further pleadings were made in the case.

There was judgment by *consent of parties*, for the amount of the note sued on, with interest, and defendant appealed.

*E. A. Bradford*, for the plaintiff.

*M'Caleb*, contra.

*Morphy, J.*, delivered the opinion of the court.

This appeal has been taken from a judgment purporting to have been entered up by consent below; from such judgments no appeal lies according to article 567 of the Code of Practice. It has been said by appellant's counsel, and this without positive contradiction from the opposite party, that the judgment has not been drawn up according to the consent and understanding of the defendant. The agreement which was the basis of this judgment, not being before us, we cannot say, nor have the counsel distinctly stated in what the error consists; if there has been any, it might have been corrected by amending the judgment, by consent or by means of a new trial in the court below; we do not see what relief the appellant can obtain at our hands; we cannot hear testimony as to what the understanding of the parties was, nor can we suffer the judgment of the inferior court to be amended here, even by their consent; we are prohibited from listening to this appeal:

It is, therefore, ordered, that it be dismissed, with costs.

There is no appeal from a judgment by consent.

No evidence can be received in the Supreme Court that a judgment by consent was entered up differently from the consent and agreement between the parties.

A judgment of the inferior court cannot be corrected and amended in the Supreme Court, even by consent.