## JOSEPH LALLANDE v. LAURA JONES & HUSBAND.

An appeal from a judgment rendered on a written consent signed by the attorneys of the parties to the suit, will be dismissed when it is not pretended that the action of the attorneys was fraudulent, or that they were not employed in the suit.

APPEAL from the District Court of the Parish of Catahoula, *Mayo*, J. *McGuire & Ray*, for plaintiff. *J. T. Ludeling* and *Cuny & Hawkins*, for defendants and appellants.

COLE, J. Plaintiff sues defendant for $9,914 17, which is alleged to be due to him as a balance on his account with petitioner, as his factor and commission merchant, from the 1st of December, 1856, to the 23d of March, 1857.

There is an account and two acts of mortgage annexed to the petition.

The petition alleges that the amount due him, as aforesaid, is secured by the said acts of mortgage.

The defendants, *Laura Jones*, and her husband, *Charles Jones*, were regularly cited on the 6th of May, 1857.

A judgment by default was afterwards entered.

On the 20th of January, 1858, the defendant, *Mrs. Jones*, assisted by her husband, filed, through their attorneys, *Smith & Spencer*, a motion for the production by plaintiff of certain papers, documents, bills, receipts, drafts, account-sales of cotton sold by plaintiff for defendant, and all the letters comprising the correspondence between the plaintiff and defendants, relating to their business dealings during the period embraced in the account sued on.

These were produced and filed by plaintiff, and are comprised of drafts, bills,

notes and receipts; also fifty-nine letters from *Jones* to *Lallande*, and ten checks, with plaintiff's answer to the order.

Plaintiff also filed an account-current and bills for supplies.

The affidavit of both of the defendants was appended to the said written motion of *Smith & Spencer*, which was also signed by them.

Afterwards, on the 7th of January, 1858, *Smith & Spencer* filed an elaborate answer for *Mrs. Laura Jones*, in which they allege usury, and errors in the account sued on, and set up a reconventional demand, and file certain interrogatories to be answered under oath by the plaintiff.

To this answer is appended the affidavit of *Laura Jones* and her husband to the materiality of the interrogatories.

This answer is signed by *Smith & Spencer*. The plaintiff responded to these interrogatories.

About the 18th of January, 1858, an amended answer signed by *Smith & Spencer*, as attorneys, was filed, containing interrogatories. The affidavit of *Laura Jones* and her husband to the materiality of the interrogatories was appended to the answer. These interrogatories were answered by plaintiff.

On the 5th of May, 1858, an affidavit for a continuance was made by *Charles Jones*, and the continuance was granted.

On the 8th of May, 1859, the following agreement was entered into :

"In this case, the parties have agreed to the following consent judgment. That plaintiff, *Joseph Lallande*, is to have judgment against the defendant, *Laura Jones*, for the sum of nine thousand five hundred and fifty-five dollars ($9,555), with eight per cent. per annum interest thereon, from the 23d March, 1857, and all costs of this suit, with a recognition of plaintiff's mortgage on the property described in plaintiff's petition, and the act of mortgage thereto annexed, and that execution be stayed on this judgment until the 1st day of January, 1859.

"This agreement is signed by the undersigned attorneys of the parties to the above entitled suit.

(Signed)     "McGUIRE & RAY, Att'ys for Plaintiff,
            "SMITH & SPENCER, for Defendants."

In the minutes of the court in the record, the following entry appears :

"In this case, a judgment was rendered by consent. For particulars, see decree."

Afterwards, a judgment was rendered, in which it is declared as follows : "By reason of the law and the evidence in this case being in favor of the plaintiff, and by further reason of the within consent of the parties, filed in this case, it is ordered," &c. "It is further ordered, that execution be stayed on this judgment until the 1st day of January, A. D. 1859."

This judgment was signed the 8th of May, 1858.

On the 19th of January, 1859, a petition of appeal, signed by *R. H. Cuny*, attorney, was filed by *Laura Jones*, assisted by her husband, in which she represents that the judgment was erroneous; that it was rendered without the introduction of any evidence whatever to sustain the same; that it was rendered by the consent of the attorneys in the case, and without her wish or consent; that she had no knowledge whatever of the action of the said attorneys *for some weeks* after the rendition of said judgment; that the acts of the said *Smith & Spencer*, in consenting to the rendition of the judgment, were unauthorized by her; and that she had no knowledge of the rendition of said judgment until the fifteen days allowed her by law to take a suspensive appeal, had elapsed. That she has a le-

<p style="margin-left:auto">LALLANDE<br>v.<br>JONES.</p>

gal defence against the demand of the plaintiff, which would have been sustained if her attorneys had properly defended her suit.

We are of opinion, that this appeal must be dismissed.

Article 567 of the Code of Practice declares, that the party against whom judgment has been rendered, cannot appeal, if such judgment have been confessed by him, or if he have acquiesced to the same, by executing it voluntarily.

Appellant does not pretend that the action of her attorneys was fraudulent, or that they were not employed by her in the suit.

The whole record shows that they exerted themselves with skill and vigor to defend her suit, and it seems probable that the stay of execution was one of the reasons why the judgment was confessed.

Appellant avers in her petition, that she became cognizant of the judgment some weeks after it was rendered; yet, she does not appeal until after the stay of execution had expired, and thus permits one term of the Supreme Court at Monroe to pass.

We are of opinion that, under these circumstances, and under the facts of this record, before stated, that she must be considered to have ratified the action of her attorneys, and is now precluded from appealing.

It is, therefore, ordered, adjudged and decreed, that this appeal be dismissed, at the costs of appellants.