ped the train within 22 feet, which was as soon as possible.

A juror, from his questions to the engineer, seemed to think that, if a locomotive can be stopped on a turntable within 6 inches or a foot, it can be stopped in a like distance when operating on the tracks, and that the engineer on the occasion in question should have put on steam instead of permitting his engine to roll down grade.

Mr. Hearne, the superintendent of the defendant company, testified that at 8 a. m. of the day of the accident he saw the tracks of the automobile going down on the right side of Louisiana street, and then crossing diagonally over the tracks to the left side of the street.

Plaintiff offered no evidence to rebut the testimony of the trainmen as to their actions in the premises. Plaintiff's counsel seem to argue this case on the hypothesis that all the trainmen who testified for the defense are unworthy of credit, and that the testimony of the plaintiff and of Dillman is sufficient to prove the negligence of the defendant. We cannot concur in this view of the evidence. In our opinion, the testimony of the trainmen shows conclusively that they performed their full duty in the premises, and the testimony of plaintiff shows that she and Ferguson were guilty of gross negligence in driving upon the railroad tracks without stopping, or even looking or listening. Dillman was on the back seat of the closed car talking with plaintiff's sister, who saw nothing, and his vision to the front was obstructed by the bodies of the plaintiff and Ferguson, who also saw nothing, until they were within a few feet of the moving coach. Dillman said that even he, on the back seat of the car, with his limited field of vision, saw the train when the car was some 20 feet from the railroad track. If he saw, the plaintiff and Ferguson, seated in front, could have seen if they had looked.

Plaintiff, having failed to prove negligence in the defendant, must go out of court.

It is unnecessary for this court to consider this case from the point of view of negligence in plaintiff as a passenger. But we may state that it has been held by respectable authorities that a passenger riding with the driver, and having an equal opportunity to exercise his faculties, and failing to do so, cannot recover damages from a railroad company. Thompson on Negligence, vol. 1, §§ 499, 503; Berry on Law of Automobiles, p. 176.

It is therefore ordered that the verdict and judgment below be set aside and reversed, and it is now ordered that plaintiff's suit be dismissed, with costs in both courts.

---

(71 South. 529)

No. 21842.

STATE ex rel. JOHN T. MOORE PLANTING CO., Limited, v. HOWELL, Judge, et al.

(March 20, 1916. Rehearing Denied April 24, 1916.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⟨⟩154(4)—RIGHT OF REVIEW.

"The party against whom judgment has been rendered cannot appeal: (1) If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily. * * *" Code Prac. art. 567. And, a fortiori, a party in whose favor a judgment has been rendered, in strict accordance with his own prayer, cannot appeal, since a prayer that a judgment be rendered is something more than even a confession or an acquiescence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 966–968; Dec. Dig. ⟨⟩ 154(4).]

2. DISMISSAL AND NONSUIT ⟨⟩19(2)—VOLUNTARY NONSUIT—RIGHT OF PLAINTIFF.

A plaintiff, against whom the defendant in the cause has asserted a demand in reconvention, may discontinue or abandon his own demand, but he cannot thereby put the defendant out of court, or in any manner prejudice his rights, or alter his position for the worse, with respect to his demand in reconvention. In other words, a plaintiff in his character as defendant, quoad a reconventional demand, acquires no

greater rights, or other means of defense or of complicating or protracting the pending litigation, by discontinuing his demand, and going out of court, than he possesses while remaining in court. In fact, for all the purposes of such demand, he remains in court, and all that he can, at best, accomplish by discontinuing, is, in some cases, (though not where his demand and the reconventional demand involve the same title, or issue) to postpone the adjudication upon his own demand, with the possible right to renew it at some other time.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 34, 35; Dec. Dig. ⊙══ 19(2).]

3. APPEAL AND ERROR ⊙══16—DISMISSAL AND NONSUIT ⊙══19(2) — RIGHT TO DISMISS — RIGHT OF REVIEW—SEPARATE PORTION OF JUDGMENT.

Where a plaintiff brings suit asserting title and attacking the title held by another, and claiming damages as resulting from the alleged illegal possession and administration of the property, and defendant reconvenes, asserting the validity of the title held by him and praying that it be sustained, but, in the alternative, praying that, should the title be decreed to be in plaintiff, the mortgage under which it was supposed to have been devested be revived and enforced, and the property again sold to pay the mortgage debt, plaintiff has no power to withdraw the issues thus presented, or either of them, by discontinuing his own demand; nor can he acquire any right, or impose any disadvantage on the defendant (as plaintiff in reconvention), by such discontinuance, that he would not have possessed or could not have imposed without it. Hence, where, in such case, judgment is rendered decreeing the nullity of the title set up by defendant and that the title in dispute is vested in plaintiff, but also decreeing the revival of the mortgage, in the attempted enforcement of which the title set up by defendant was acquired, and directing that the property be again sold in satisfaction of the mortgage debt, plaintiff has no right to a separate appeal from that part of the judgment rendered in accordance with the prayer of his petition, which decrees him to be the owner of the property, and has no right to suspend the execution of that, or any, part of the judgment thus obtained by plaintiff in reconvention, on a bond for costs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 59, 60; Dec. Dig. ⊙══16; Dismissal and Nonsuit, Cent. Dig. §§ 34, 35; Dec. Dig. ⊙══19(2).]

Application by the State, on the relation of the John T. Moore Planting Company, Limited, for writ of mandamus to W. E. Howell, Judge, and others. Peremptory writ granted as to part of relief prayed for.

Beattie & Beattie and Charlton R. Beattie, all of Thibodeaux, for relator. Dufour & Dufour, of New Orleans, and R. B. Butler, of Houma, for respondents.

## Statement of the Case.

MONROE, C. J. In July, 1914, relator brought suit against J. B. Levert Company, Limited, in liquidation, setting up title to a certain plantation lying in the parishes of Terrebonne and Lafourche, alleging that defendant had caused it to be seized and sold under executory process, and bid in for its account; that the sale was illegal for a variety of reasons; that it (plaintiff) had been damaged thereby, and by defendant's subsequent illegal possession and administration of the property; and praying for judgment decreeing the nullity of the sale, decreeing petitioner to be the owner of the plantation, and placed in possession thereof and of certain movable property, of which defendant was alleged to have taken possession, condemning defendant to pay various amounts in compensation of the damages alleged to have been sustained; and praying that its rights be reserved with respect to other such claims and to rents and revenues.

Defendant, by way of answer, asserted the validity of the sale, denied the allegations of injury to plaintiff, and prayed to be dismissed with costs; and, by supplemental answer, reasserted the validity of its title.

"However," the supplemental answer proceeds, "respondent avers that, if it should be held that, by reason of the alleged irregularity and informality set out in plaintiff's petition, the sale of the mortgaged premises * * * was and is null and void, and if said sale be set aside, then, and in that event only, the mortgage held by J. B. Levert Company, Limited (now in liquidation), and in execution of which executory process issued and said sale was made, * * * should be revived and reinstated and recognized to be in full force and effect. And, now, therefore, assuming the character of plaintiff in reconvention, and without, in any manner, admitting plaintiff's demands, but, on the contrary, insisting on respondent's rights and its title to and ownership of said real estate, * * * and sole-

ly in the alternative, and in the event the court should annul and avoid the said sale, this respondent says that its mortgage rights should be held to have revived and should be reinstated and recognized, and that respondent should be particularly recognized as the holder and owner of the following described notes, all made and subscribed by John T. Moore Planting Company, Limited, to wit:"

And then follows a description of notes aggregating a very large amount, bearing interest from various dates, and alleged to be secured by mortgage and privilege on the property in question, which is also described. The prayer of the answer and demand in reconvention reads:

"That plaintiff's petition be dismissed, at its cost, and that respondent's title to, and ownership of, the hereinabove described properties may be recognized and confirmed, and that, in the event that plaintiff should recover judgment against respondent, annulling the sale of said properties, and decreeing plaintiff to be the owner, * * * then respondent prays that its reconventional demand may be sustained and that it be recognized as a creditor of, and have judgment against, the John T. Moore Planting Company, Limited, in the full sum of (1) $100,122.07, and interest" (on different amounts from different dates) "with recognition of respondent's mortgage to secure said aggregate amount * * *; (2) $6,661.86" (amount expended for taxes), "with recognition of respondent's lien for said taxes. * * * And * * * plaintiff in reconvention further, and likewise in the alternative, prays that its mortgage, liens, and privileges * * * be recognized, and that said above-described property may be sold and respondent be paid, by preference and priority, out of said proceeds of sale, the amounts hereinabove claimed, with interest and attorney's fees," etc.

It appears that the case thus put at issue was set down for trial on January 3, 1916, without notice to plaintiff and without allowing the legal delay, and that it was heard and taken under advisement, but that plaintiff, through its attorneys, thereafter moved that it be reopened and set for trial on January 27th, which motion was granted; that, upon the calling of the case, upon that day, neither plaintiff nor its attorneys appeared, and it was again heard and taken under advisement; that on February 10th, while it was still under advisement, plaintiff's attorneys filed a written motion reading as follows:

"And now into this honorable court, by their undersigned attorneys, come the John T. Moore Planting Company, Limited, plaintiffs herein, and move to discontinue, at their costs, the demands made by them in this suit, against the defendants, the J. B. Levert Company, Limited, and the liquidators thereof, without prejudice to the right of the said company and the said liquidators to continue to prosecute, in this suit, any and all rights or claims they may legally have in reconvention, under and by virtue of their pleadings, legally filed herein."

It also appears that, on the same day (February 10th), the judge a quo declined to allow the motion so filed, and rendered judgment in the case to the following effect, to wit:

In favor of plaintiff, "annulling, canceling, and setting aside, because of irregularity in the advertisement," the sale of the plantation, and "recognizing the John T. Moore Planting Company, Limited, as owner" thereof.

Dismissing "as of nonsuit" plaintiff's claims for damages, as set forth in certain enumerated articles of its petition, as, also, its claim for the value of certain fuel oil.

Decreeing that, "in all other respects, plaintiff's suit be * * * dismissed and rejected," but especially reserving "its right to sue for such damages as it may have suffered by reason of the illegal detention of its property by plaintiff in reconvention."

Decreeing that defendant, plaintiff in reconvention, recover from said planting company $100,122.07, with interest, and other amounts, with recognition of the mortgage and privileges asserted by it; that the mortgaged property be sold and said amounts be paid, by preference, from the proceeds; and that the rights of plaintiff in reconvention with respect to expenses and disbursements made by it on account of said property, and its claim for taxes for 1914 and 1915, be reserved. Thereafter, on February 17th, plaintiff filed a motion alleging that it was aggrieved by the order overruling its motion

to discontinue and by the judgment which followed that order, and that it desired—

"to take an appeal, suspensive and devolutive, or either, from said order and from that portion of said judgment which reads as follows: It is therefore ordered * * * that there be judgment in favor of plaintiffs, John T. Moore Planting Company, Limited, and against the defendants, J. B. Levert Company, Limited (in liquidation), and * * * liquidators, annulling, * * * because of irregularity in the advertisement, that certain sale" (describing the sale of the plantation)· "and recognizing the said John T. Moore Planting Company, Limited, as owner of said properties."

And, upon the motion so filed, the court made the following order:

"A bond to operate as a suspensive appeal bond must be for the amount fixed by law, to wit, one-half over and· above the amount of the judgment against plaintiff on the demand in the reconvention, returnable to the Supreme Court April 10, 1916. * * * Let a devolutive appeal be granted on plaintiff's furnishing bond for $100, conditioned according to law."

Notice was given of the intention to apply to this court for relief, and counsel filed the application now under consideration, in which, after setting forth the facts, they pray that the judge a quo be restrained from further proceeding, or allowing defendant to proceed, in the case—

"and especially from executing the judgment illegally rendered as aforesaid, and that, after due hearing, * * * said writs" (of certiorari, mandamus and prohibition) "be made peremptory and the said district judge and the court over which he presides be ordered and directed: First, to allow and grant to plaintiff a suspensive appeal, as prayed for, * * * upon their furnishing bond sufficient to pay all costs, to wit, $100; and, second, in the alternative, should this court deny the order as above prayed for, then that said district judge, and said court, be ordered and directed to allow and grant said written motion to discontinue, and be prohibited from further proceeding in said case inconsistently with said motion to discontinue, and from permitting defendants to proceed in said case or under said illegal judgment in any way inconsistent with said motion and order of discontinuance. * * *"

### Opinion.

[1] With its demand for the annulling of the title under which defendant held the plantation in question, and for the recogni-

tion of the title set up by it, plaintiff (relator herein) joined the several claims for damages said to have been sustained by reason of the alleged illegal sale and defendant's alleged illegal possession and administration, thereunder; from which it follows that the claims for damages must find, for their underlying basis, a judgment decreeing the nullity of the sale, and that, if the attack upon the sale is abandoned, those claims fall, as the superstructure falls with the foundations. But:

"The party against whom judgment has been rendered cannot appeal: (1) If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily. * * *." C. P. art. 567.

And, a fortiori, a party in whose favor a judgment has been rendered, in strict accordance with his own prayer, cannot appeal, since a prayer that a judgment be rendered is something more than even a confession or an acquiescence and operates, if that be possible, as a more complete estoppel to deny the correctness of the judgment so obtained than does a confession, to deny the correctness of the judgment confessed, or an acquiescence, to deny the correctness of the judgment acquiesced in. If, then, we pretermit the question presented by the ruling of the court on the motion to discontinue, plaintiff was not entitled to the appeal as prayed for.

Proceeding to consider the bearing upon the matter of that motion, and, in connection therewith, of the fact that there was a reconventional demand in the case, we find as follows:

[2] It has been settled from an early period in our jurisprudence that a plaintiff against whom a demand in reconvention has been asserted cannot discontinue, to the prejudice of such demand. In Lanusse's Syndic v. Pimpienella, 4 Mart. (N. S.) 442, Porter, J., as the organ of the court, said:

"Whether the plaintiff can discontinue his action, and by this means put both himself and the defendant out of court, will depend, in some

measure, on ascertaining in what light he is to be received in relation to the demand in reconvention; whether he be not, quoad this demand, really a defendant, for, if he is, it would seem to follow, as a consequence, that he cannot exercise a right which is given to those who are asking judgment against others, and who are therefore at liberty to enforce their claims in the manner and at the time which their interests may dictate. He stands, on the contrary, according to the hypothesis just put, in a situation where every imaginable reason is opposed to the exercise of such a privilege. There would be few judgments, we imagine, rendered in this country, or any other, if the party against whom condemnation was prayed, and against whom it was about to be pronounced, could arrest the sentence, by the expression of a wish that it should be postponed to another time, or by decreeing that the suit against him should be discontinued.

"Now, with the exception that the defendant who sets up the plea of reconvention is not the party with whom the cause originates, it is not seen by us, in relation to such claim, in what other light he can be viewed than as plaintiff. In all these things, which essentially distinguish the one from the other, he certainly is; his demand is not merely that the plaintiff shall not have judgment, but that he shall be obliged to render to the defendant something which is withheld from him. On the judgment which might be rendered on this demand the same consequences would follow as if the suit had been commenced by original petition instead of one in reconvention. * * *

"It follows, then, that every consideration which prohibits the defendant from withdrawing from a cause applies with equal force against allowing the plaintiff to discontinue the demand presented against him. * * * "

In Adams v. Lewis, 7 Mart. (N. S.) 405, we find the following:

"Next, it was said there was a plea of reconvention, and that the plaintiff could not dismiss. He certainly cannot, *but he may well determine not to prosecute his claim in that suit, though he cannot, by a mere abandonment on his part, defeat any legal rights the defendant may have acquired, under the demand in reconvention, to have judgment against him.*" (Italics by the court.)

In McDonough v. Copeland, 9 La. 310, Martin, J., said:

"It is true, as a general principle, that the plaintiff may discontinue his suit on payment of costs. But this principle cannot be extended to cases in which the parties are alternately plaintiffs and defendants, as in a concurso, and, in a case of reconvention. Neither party is there at liberty to dismiss, or discontinue a suit or action which is not exclusively his own, with a view to avert judgment in a case in which his opponent has a right to obtain it."

In Coxe v. Downs, 9 Rob. 135, it appears that plaintiff had been allowed to dismiss his claim, and the court, noting that circumstance, said:

"But the defendant should not thereby be put out of court, as to his demand for a rescission of the sale and a return of the money paid. * * * It therefore results that, although Coxe is out of court, as to his demand on the notes, the defendant is not obliged to follow him, and may prosecute his demands, leaving his adversary to seek his remedy wherever he can find a legal tribunal."

In Barrow v. Robichaux, 15 La. Ann. 70, it was held (quoting from the syllabus):

"When the defendant in a suit sets up a reconventional demand, the plaintiff is not permitted to discontinue his suit when defendant opposes it; and, if the plaintiff has discontinued the suit, without opposition on the part of defendant, the latter has the right to prosecute against him his claim in reconvention, notwithstanding the discontinuance."

And so, in Davis v. Young, 35 La. Ann. 740, which was a petitory action wherein defendant set up title in reconvention, it appears that, after the evidence had been received and the argument for the defense had begun, plaintiff asked to take a nonsuit, to which defendant objected and demanded a final judgment. The trial court overruled the objection and granted the nonsuit, reserving to defendant her rights on her reconventional demand (but to be elsewhere asserted). Bermudez, C. J., in disposing of the case, on appeal, said:

"The plaintiff here had a clear right to discontinue before judgment. A motion to that end the court would have been bound to grant, unless thereby some acquired right of the defendant would be impaired. There exists no essential difference between a discontinuance and a voluntary nonsuit. * * * The withdrawal of a suit by the plaintiff, in any form, cannot destroy or affect the right of the defendant to a judgment on her reconventional demand which she had asked, but which was not rendered." (Citing authorities.) "It is therefore settled that a plaintiff in reconvention has the right to oppose a discontinuance or voluntary nonsuit which would tend to produce such effect. * * * Although the withdrawal of the case is allowed, the reconventional demand remains in court, and the plaintiff therein can prosecute the same, notwithstanding the withdrawal; otherwise the withdrawal of the suit

would certainly affect vested rights of the plaintiff in reconvention, for he would then be driven either to a continuance of the case or to institute another proceeding, and he might thus lose rights and advantages already acquired. The defendant, as plaintiff in reconvention, is entitled to have the case remanded."

And the case was, accordingly, remanded, with instructions to the trial court "to replace it in the condition in which it stood when the motion for nonsuit was made and granted, and with directions to proceed with the trial of the same on the reconventional demands."

In Thompson v. McCausland, 136 La. 775, 67 South. 826, the court cited C. P. 491; Coxe v. Downs, supra; Smalley v. Lawrence, 9 Rob. 213; Donnell v. Parrott, 10 La. Ann. 704; Davis v. Young, supra; and State ex rel. Administrator v. Judge, 48 La. Ann. 455, 19 South. 256—to the effect that "plaintiff may discontinue his suit, at any time before judgment," but that he cannot, by so doing, put the defendant "out of court with respect to his demand in reconvention." Applying the doctrine thus stated to the facts of the instant case, the defendant herein having met plaintiff's attack upon the title held by it by a demand, in reconvention, that the title be decreed valid, or, in the alternative, that the mortgage, under which the title had been acquired, be held to be revived and the property ordered to be again sold in satisfaction of the debt, it follows that plaintiff was powerless to interfere, by discontinuing its demands, with the prosecution of the demands thus set up by defendant, or to alter, for the worse, in any respect defendant's position with regard thereto; and it further follows that, as the issue of title vel non had been presented, and defendant (as plaintiff in reconvention) had prayed judgment thereon, plaintiff was powerless to withdraw that issue, and that it was not only competent for the court, but was its imperative duty, to decide it, with or without the plaintiff, and, having decided it as it did, to proceed to con-

sider and decide the alternative demand set up by defendant. Defendant appears to be more heavily interested in the question of the validity of the title than plaintiff, and had the right, of which plaintiff had no power to deprive it, to have that question determined in the suit then before the court, and, the court having decided that the title set up by defendant was invalid and that plaintiff was the owner of the property, defendant had the further right, of which plaintiff had no power to deprive it, to insist upon the judgment, prayed for in the alternative, which was rendered by the court.

[3] Plaintiff may be entitled to appeal from that judgment, as a whole, but, as it is a moneyed judgment for more than $100,-000, recognizes the mortgage and privileges asserted by defendant, and orders the mortgaged property to be sold in satisfaction of the same, it cannot be suspended by an appeal from only the part which deals with the title of the property, or upon a bond for costs.

Nor, yet, is plaintiff entitled to a separate appeal from the part of the judgment thus referred to, on the theory that, having moved to discontinue, it could no longer be regarded as praying for such judgment, and hence is not estopped to question its correctness. Its rights, in that respect, so far as defendant is concerned, were fixed when the demand in reconvention was filed. It could not, then, have so shifted its position as to have been enabled to attack, when rendered, the judgment which, contradictorily with defendant, it prayed the court to render, and it could have acquired no such right to the prejudice of defendant, by its discontinuance, if allowed, for the discontinuance could have been allowed only on condition that it did not prejudice the rights of the plaintiff in reconvention, and it would not have been permitted to produce that effect. In other words, a plaintiff, in his character as defendant, quoad

a reconventional demand, acquires no greater rights, or other means of defense or of complicating or protracting the pending litigation, by discontinuing his demand and going out of court, than he possesses while remaining in court. In fact for all the purposes of such demand, he remains in court, and all that he can, at best, accomplish by discontinuing, is, in some cases (although not where his demand and the demand in reconvention involve the same title or issue), to postpone the adjudication upon his own demand, with the possible right to renew it at some other time.

The usual order to show cause has not been issued in this case, but, the trial judge and the counsel for the defendant having been notified of plaintiff's intention to make this application, they (defendant's counsel) have filed their briefs, to which counsel for plaintiff have replied, and we are of opinion that no good purpose will be subserved by further delay.

It is therefore ordered that the alternative writ of mandamus herein issued be now made peremptory, to the extent that the respondent judge be directed to allow the discontinuance as moved for by plaintiff (relator herein). It is further ordered that, in all other respects, relator's application be denied and this proceeding dismissed.