Geo. Caldwell Herget, of Baton Rouge, for plaintiff appellee.

ST. PAUL, Justice.

This is an action by a wife against her husband for separation from bed and board on the ground of cruel and outrageous treatment.

The alleged cruel and outrageous treatment consisted of the husband vilifying and abusing his wife and ordering her out of his house.

Plaintiff testifies to the occurrences and is corroborated by two witnesses.

Defendant denies the accusations, but produces no corroborative testimony.

The trial judge believed the plaintiff and her witnesses and gave her judgment accordingly, and we see no manifest error in his judgment.

Decree.

For the reasons assigned, the judgment appealed from is affirmed.

149 So. 492

## MENTE & CO., Inc., v. ANCIENS ETABLISSEMENTS VERDIER–DUFOUR & CIE.

No. 29312.

July 7, 1933.

Timothy V. Regan, of New Orleans, for appellant curator ad hoc for Anciens Etablissements Verdier-Dufour & Cie.

Dart & Dart, of New Orleans, for Dufour.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee Mente & Co. Inc.

ST. PAUL, Justice.

In December, 1925, and afterwards, defendant sold to plaintiff certain Australian wool pouches for the agreed price of $31,-670.26, on which plaintiff paid $29,603.73, leaving a balance due on said purchase of $2,066.53, which balance has never been paid, but is not disputed. It does not appear why

said balance was not paid, but presumably it was because of the differences which arose between the parties over their next transactions, which is as follows:

In May, 1916, and afterwards, defendant sold to plaintiff 245 long tons of old sound bagging for the agreed price of $10,826.84, on account of which plaintiff paid defendant $9,744.17, leaving a balance unpaid of $1,082.67.

When the bagging reached destination, plaintiff rejected it as not coming up to specifications and the representations made by defendant, and thereupon refused to pay the balance of the purchase price ($1,082.-67) and sued to recover that which had been paid on account of said purchase price ($9,-744.17).

The defendant being a nonresident and having no representative within the jurisdiction of the court, the suit proceeded by attachment and plaintiff attached, as the property of defendant, the 247 tons of old sound bagging and the balance of $2,066.53 due by it to defendant on the Australian wool pouches, which was undisputed.

The suit was filed October 7, 1926; the attachment issued and a curator ad hoc was appointed in December, 1926. The curator filed his answer and other pleadings, and the case was tried during the interval between that time and the following December. It was submitted in December, 1927, and on January 9, 1928, the trial judge gave judgment in favor of plaintiff as prayed for; from which judgment the curator ad hoc took a devolutive appeal, and the transcript was lodged in this court on May 9, 1928.

### I.

Meanwhile, to wit, in September, 1927, whilst the case was pending in the court below, this defendant filed suit in personam before the Supreme Court of New York City, against this plaintiff, for an alleged balance due it of $3,149.20, consisting of the $2,-066.53, balance due on the Australian wool pouches and $1,082.60, the balance allegedly due on the 247 tons of old sound bagging.

To this suit this plaintiff put in an appearance through its attorneys. It pleaded this suit, as lis pendens and res judicata, and set up in the alternative ("second defense") that the 247 tons of old sound bagging tendered it by this defendant had been rejected as not up to specifications and to the representations made by this defendant. Wherefore this plaintiff denied that it owed this defendant anything; and, as a counterclaim (reconventional demand), asked for judgment against this defendant for the sum of $9,744.17 paid on account of the rejected bagging subject to a credit of $2,066.53, the balance admittedly due on the Australian wool pouches; that is to say, this plaintiff there asked for judgment against this defendant for the net sum of $7,677.64.

The New York court either overruled or passed over the pleas of lis pendens and res judicata (this matter is not made clear, nor is it material), for the case proceeded on the merits and there was judgment for this plaintiff against this defendant for the sum of $4,396.10; which judgment is now final.

### II.

These are the allegations of appellee's motion to dismiss. They are not supported by

authentic evidence, but they are sworn to by reputable counsel; and accordingly the judgment of the New York court, now final, is pleaded as abating this case; which, because of this appeal, is not yet final.

### III.

■ From the foregoing recital of the proceedings before the New York court it is clear that those proceedings involved exactly the same issues as those involved in this case. And since the judgment of the New York court is final and the judgment of the court of this state is not yet final, because of the pending of this appeal, and because, under the full faith and credit clause of the Constitution of the United States (article 4, § 1), the judgment of the New York court is entitled to the same full faith and credit in this state to which a judgment of one of its own courts is entitled, it follows that mover's plea of abatement (were the proceedings before the New York court duly proved by proper evidence) would be well founded and this court would have no recourse but to dismiss both the appeal and the suit.

■ For, when two suits involving the same issues between the same parties are brought before two separate courts each clothed with jurisdiction thereof, and both suits are allowed to proceed pari passu, the first judgment rendered in either of said courts is the judgment between the parties, and the suit in the other court immediately abates and must be dismissed. Code Prac. art. 94, as amended by Act No. 62 of 1918.

### IV.

But as the proceedings had before the New York court are not sufficiently shown by proper evidence before us, it behooves us, without presently disturbing the judgment appealed from, to remand the case to the lower court for the purpose of receiving such proper evidence as this plaintiff may have of the proceedings had in the New York court and of transmitting said evidence to us for our consideration.

### Decree.

For the reasons assigned, this case is now remanded to the court below for the purpose of receiving such competent evidence as this plaintiff (appellee) may have of the proceedings had in the matter of Anciens Etablissements Verdier-Dufour & Cie v. Mente & Co., Inc., lately pending in the Supreme Court of the City of New York, which said evidence the lower court is now directed to receive and to transmit to this court for our consideration. It is further ordered that in the meanwhile the judgment appealed from remain undisturbed; the matter of costs to abide the final determination of the case.