57 So.2d 684 (1952)
220 La. 785
SALASSI
v.
SALASSI.
No. 40168.
Supreme Court of Louisiana.
February 18, 1952.
James C. Gulotta, Metairie, and Lewis R. Graham, New Orleans, for defendant-appellant.
Willis C. McDonald, New Orleans, and Frederick J. R. Heebe, Gretna, for plaintiff-appellee.
FOURNET, Chief Justice.
The defendant, Henry Salassi, is appealing from a judgment awarding him a final divorce from his wife, Thelma Gares Salassi, and reducing her alimony award from $275 to $200 a month. He is also appealing from a judgment, rendered the same day, granting his former wife an executory judgment in the amount of $875, for back alimony allegedly due.
The record shows that Mrs. Salassi, on June 5, 1945, instituted suit for separation against her husband on the ground of abandonment, obtaining judgment thereunder on November 19, 1947. In this judgment she was also awarded custody of the two children born of the marriage (Joan now over 21 and Henry, III, now over 12), her alimony pendente lite of $500 a month was reduced to $400, and a partition of the community was ordered. This partition was subsequently effected, Mrs. Salassi receiving, among other things, a duplex, in a portion of which she lives and from the remainder of which she derives an income of $100 a month.
More than one year and sixty days later, the husband petitioned the court for a final *685 divorce and sought to have the alimony award, which had been reduced from $400 to $275 in the interim, reduced from $275 to $100 a month. He secured a judgment on November 6, 1950, granting the divorce, but reducing the alimony to $200 only. On the same day Mrs. Salassi secured an executory judgment against her husband for back alimony allegedly due, in the amount of $875. The husband has appealed from both of these judgments.
Inasmuch as Mrs. Salassi, in answering this suit, admitted there had been no reconciliation and that more than one year and sixty days had elapsed since the separation judgment was secured, the only contested issues before the court were (1) whether the alimony should be reduced to $100, (2) the status of the property purchased by Mr. Salassi on February 10, 1947, before the separation was obtained, and (3) whether Mrs. Salassi was entitled to additional alimony to cover an assessment of $2,000 taxed against her for a deficiency in her share of the income tax for the year 1945.
Clearly under the law of this state, property acquired during the existence of the community of acquets and gains belongs to the community. Articles 2334 and 2402 of the Revised Civil Code. However, Mr. Salassi, when being cross-examined by his wife's counsel with respect to a recitation in the act of sale under which he acquired the real estate in February of 1947 this recitation is to the effect that he had been married twice, the first time to Thelma Gares, from whom he was divorced in Nevada in 1946, and the second time to Rita Cash, with whom he was then livingstated he had previously secured a divorce from Mrs. Salassi in Nevada in October of 1946, and he produced a copy of this decree, certified by a deputy clerk of the court granting the divorce. Mrs. Salassi's attorney then excepted orally on the ground that the husband, having been already divorced, was without a right or cause of action, and that the court had no authority to proceed further.
In disposing of this issue, the trial judge seemed to have some concern as to just what course he should pursue, finally concluding it would be better for him to recognize the Nevada divorce, since it had not been attacked by Mrs. Salassi. However, he allowed evidence to be taken relative to the rule for the executory judgment for back alimony of $875, and also for the reduction of alimony.
It would appear, nevertheless, that after he took this case under advisement, he reversed his position with respect to recognition of the Nevada divorce decree, for he granted the husband a final divorce and reduced the alimony to $200. He also issued the executory judgment for back alimony.
Ordinarily the party securing a judgment in accordance with the prayer of his petition cannot appeal. State ex rel. John T. Moore Planting Company v. Howell, 139 La. 336, 71 So. 529; Barbara, Inc. v. Billelo, 212 La. 937, 33 So.2d 689. However, Mr. Salassi is here arguing that although he instituted this suit to secure a divorce, when the trial judge ruled he was compelled to give full faith and credit to the divorce previously secured in Nevada, his jurisdiction, under the authority of Mente & Co. v. Anciens Establishments Verdier-Dufour & Cie, 177 La. 829, 149 So. 492, abated, and that, under the holding in Lavergne v. Roussel, 139 La. 915, 72 So. 453, he was thereafter without authority to decide any additional issues before him. He contends that in any event, under the recent decision of this court in the case of Smith v. Smith, 217 La. 646, 47 So.2d 32, Mrs. Salassi is not entitled to any alimony for herself, since she received a home under the community partition in which she lives rent free, and from which she derives a monthly income of $100.
While the recent holdings of the United States Supreme Court are to the effect that a divorce decree granted by the duly constituted court of another state, valid on its face, must be accorded full faith and credit in the courts of other states unless the jurisdiction of the issuing court has been successfully attacked [Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552; Sherrer v. Sherrer, 334 U.S. *686 343, 68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R. 2d 1355; Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 94], such judgments do not import full proof in the courts of this state unless and until "the copy of them which is offered be certified by the clerk of the court in which they are rendered, be sealed with his seal, if there be one, and clothed with the certificate of the judge, chief justice or magistrate who presides in the court, as the cause may be, declaring that the attestation is made in due form." Article 752 of the Code of Practice. The rule in the federal courts is to the same effect. 28 U.S.C.A. § 1738, formerly 28 U.S. C.A. § 687.
The copy of the Nevada divorce decree produced in this case as the result of the cross-examination of the husband by the wife's attorney, is not properly authenticated in accordance with this law. However, it is the husband's argument in this court that since his wife did not object to the introduction of this copy of the decree, and, in fact, used it as the basis of her exceptions of no cause and no right of action, verbally made, she is foreclosed from questioning its legality; further, that the validity of this decree is not involved in this appeal, the sole question for our determination being whether the trial judge automatically divested himself of jurisdiction in this case when he recognized the Nevada divorce.
While it is true that the validity of the Nevada decree was not attacked by the wife, and was admitted in evidence without objection by her counsel in a most unusual procedure, and although the trial judge has not assigned any written reasons for judgment that would assist us in determining what influenced the reversal of his position and caused him to grant the husband a divorce, there are circumstances in this case that would cast some doubt on the validity of this decree. In fact, the entire proceedings between these parties lend force to this view. The husband himself must have felt there was some question of the validity of the Nevada divorce, for although he obtained this decree in October of 1946, he offered no objection when his wife secured a separation on November 19, 1947, more than a year later. During this time he not only paid the alimony pendente lite assessed, as well as the alimony fixed in the separation decree, but also allowed her to secure executory judgments against him for back alimony due under the decrees of the court, the jurisdiction of which he now assails. Finally, on April 14, 1950, over three years after he secured this Nevada divorce, he has availed himself of the facilities, and submitted himself to the jurisdiction, of the Twenty-fourth District Court for the purpose of obtaining a final divorce predicated on that court's decree in the separation suit instituted by his wife. It was only after he divulged, under cross questioning by his wife's attorneys, that he had secured this divorce, that a copy of the decree was introduced in evidence by his attorneys.
Under these circumstances, and particularly since the record as made up is incomplete and in a most unsatisfactory condition, we think the interest of justice requires that the case be remanded to the lower court for the purpose of determining the validity of the Nevada divorce decree, as well as the other issues that will be raised in the light of the conclusion reached with respect to the validity or invalidity of this decree, allowing both parties the right to file such additional pleadings as they may deem necessary, and to offer such evidence in support thereof as they feel proper. See, Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 94, decided by the United States Supreme Court on December 3, 1951.
For the reasons assigned, the two judgments appealed from are annulled and set aside and it is ordered that the case be remanded to the lower court for further proceedings consistent with the views herein expressed. Costs of this appeal are to be borne by the appellant, Henry Salassi; all other costs are to await the final determination of this case.