GUIDRY, Judge.
Plaintiffs, Lowell W. Connella and Sheil-ah Morace Connella, purchased a house and lot in Rapides Parish, Louisiana, on October 4, 1976, from the defendant, Raphael Bloch, Jr., which was subsequently discovered to be structurally damaged due to termite infestation. Plaintiffs brought suit seeking rescission of the sale and the recovery of damages, or in the alternative, a reduction of the sales price. After trial, the district court rendered judgment in favor of plaintiffs and against the defendant ordering a rescission of the sale and a restoration of the purchase price and reimbursement for the closing costs incurred by plaintiffs. From this judgment plaintiffs appeal. Defendant has neither appealed the judgment rendered against him nor answered the appeal.
Plaintiffs make the following assignments of error:
(1) The learned trial judge erred in rendering a judgment rescinding the sale in light of the evidence adduced at the trial. The proper remedy should be one in quanti minoris.
(2) The trial judge erred in not awarding the plaintiffs depreciation damages beyond the cost of repairs.
(3) The trial judge erred in not awarding the plaintiffs the cost of repairs.
(4) The trial judge erred in not awarding the plaintiffs the market value of the home at the time of the rescission instead of the purchase price paid at the time of acquisition.
We find the first assignment of error to be utterly without merit as the rescis *62 sion óf the sale was in strict accordance with plaintiffs’ prayer for relief, plaintiffs are estopped to deny the correctness of that part of the judgment. Simpson v. Kimbell Milling Company, 164 So.2d 637 (La.App. 3rd Cir. 1964), writ refused, 246 La. 834, 167 So.2d 665; State ex rel. John T. Moore Planting Co. v. Howell, 139 La. 336, 71 So. 529 (1916).
In the same vein, the second and third assignments of error go to the issue of plaintiffs’ alternative demand, i. e., quanti minoris. As the trial court granted plaintiffs’ primary demand of rescission, which plaintiffs are estopped to reproach, the second and third assignments of error are irrelevant to this appeal.
Finally, plaintiffs contend that they should have been awarded the market value of the home instead of the purchase price in order to recover the enhanced value of the property. The “market value” ostensibly constitutes the purchase price plus the appreciated value of the lot and improvements as prayed for as damages in plaintiffs’ supplemental and amending petition filed on September 21, 1978. Although plaintiffs alleged knowledge by defendant of the termite damage, they failed to establish such bad faith on the part of the defendant at trial. After carefully reviewing the record, we are of the opinion that the trial court was correct in finding the defendant a good faith seller. Accordingly, the liability of a seller in good faith under the present facts is set forth in LSA-C.C. Article 2531, which in pertinent part provides:

“The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it. .

Plaintiffs were awarded the rescission of the sale as prayed for and as the explicit language of Article 2531, supra, indicates, plaintiffs are limited to the recovery of the purchase price they paid and the expenses occasioned by the sale. Plaintiffs did not allege to have incurred any expenses for the preservation of the thing. The trial court properly rejected plaintiffs’ demand for damages, limiting relief to that which is statutorily mandated under LSA-C.C. Article 2531.
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiffs-appellants’ costs.
AFFIRMED.