REDMANN, Judge,
concurring.
The result in Succession of Rolland, La.App. 4 Cir. 1975, 360 So.2d 213, was correct because the “appellant” had no right of appeal because she herself petitioned for the exact judgment the trial court rendered. See C.C.P. 2085; State ex rel. Moore Planting Co. v. Howell, 1916, 139 La. 336, 71 So. 529; Barbara Inc. v. Billelo, *873 1947, 212 La. 937, 33 So.2d 689; Salassi v. Salassi, 1952, 220 La. 785, 57 So.2d 684. See also cases holding consent judgment not appealable, such as Priestly v. Chapman, 1912, 130 La. 480, 58 So. 156; Lallande v. Jones, 1859, 14 La.Ann. 714; Brand v. Jones, 1840, 15 La. 449; Barnwell v. Harman, 1819, 6 Mart. 723.
The result in Thomas v. Berman, La.App. 4 Cir. 1975, 308 So.2d 797, was also correct under the law at that time because failure to file bond timely deprived the court of appeal of “jurisdiction.” Bond is no longer required, and Thomas does not control.
C.C.P. 2121 does provide that “[a]n appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.” The correct interpretation, however, must be that only a timely filing of the motion for appeal is essential to prevent the judgment’s becoming definitive. Otherwise, a hardheaded judge could defeat an appeal by simply refusing to sign an order of appeal even when ordered to do so by the Supreme Court-which could not itself grant an order “from the court which rendered the judgment,” in the words of C.C.P. 2121. Obviously C.C.P. 2121 is simply providing a road-map, which tells the lawyer where to go to take an appeal, and if the trial judge recal-citrantly refused to sign the order an appellate court could grant the order and could grant it after the time for applying for an order had passed.
C.C.P. 5051 obliges a liberal construction of procedural rules, which it declares “are not an end in themselves.” As long as an appellant files a proper motion with a proper order, the appellant is entitled to have the trial judge sign the order as a matter of right, and if the judge does not do so it should in equity be considered as done anyway.