BROWN, Judge.
Plaintiff, Capital Bank, sued defendant to collect the balance due on a promissory note and to recognize a collateral mortgage *952 on certain immovable property. After personal service on defendant, plaintiff obtained a default judgment granting all the relief requested. Thereafter, plaintiff took a devolutive appeal seeking to have the case remanded to the trial court for the addition of the Internal Revenue Service as a defendant. For the reasons stated herein we dismiss the appeal.
The principal issue presented is whether a party can appeal a judgment granting him full relief.
On December 15, 1989, plaintiff filed a petition against defendant to collect the sum of $5,405.81 together with interest and attorney’s fees. Plaintiff alleged that this sum was the balance due on a promissory note executed by defendant on February 24, 1989 in the principal sum of $6,860.98. The note was secured by a collateral mortgage on certain immovable property in Ouachita Parish.
Defendant was personally served, but filed no answer. On January 30, 1990 plaintiff obtained a default judgment fully granting the relief requested and ordering the Sheriff of Ouachita Parish to seize, advertise and sell the immovable property with benefit of appraisal. On April 4, 1990 plaintiff requested and was granted a de-volutive appeal.
In brief plaintiff alleges that it was unaware until after the default judgment of the existence of a federal tax lien covering the immovable property seized [1]. Plaintiff alleges that a federal tax lien in the amount of $50,526.41 had been properly filed on July 18, 1989 in the records of Ouachita Parish. Plaintiff alleges that under 26 U.S.C.A. 7425(a) the Internal Revenue Service can be a party to any ordinary foreclosure proceeding whenever there exists an outstanding federal tax lien. Plaintiff alleges that unless the Internal Revenue Service is made a party, a subsequent Sheriff's sale under writ of fieri facias would not effect a cancellation of the federal tax lien. Therefore, plaintiff appealed and desires the case to be remanded to the district court for the purpose of amending the petition to make the Internal Revenue Service a party defendant.
Plaintiff claims that the Internal Revenue Service is an indispensable party and that under LSA-C.C.P. Art. 646 this court has the authority to remand a case to the District Court to allow the petition to be amended joining the Internal Revenue Service a defendant.
The general rule is that a party cannot appeal from a judgment rendered in his favor in strict accordance with his prayer for relief. Salassi v. Salassi, 220 La. 785, 57 So.2d 684 (1952); White v. Hill, 168 La. 92, 121 So. 585 (1929); State ex rel. John T. Moore Planting Company, Limited v. Howell, 139 La. 336, 71 So. 529 (1916); Acadian Heritage Realty v. City of Lafayette, 425 So.2d 388 (La.App. 3rd Cir.1982), and Simpson v. Kimbell Milling Company, 164 So.2d 637 (La.App. 3rd Cir.1964), writ refused, 246 La. 834, 167 So.2d 665 (1964).
The basic reasoning behind this rule is that a party is not aggrieved or prejudiced by the trial judgment which affords him the full relief requested. Simpson v. Kimbell Milling Company, supra. Further, a party who obtains a judgment in accordance with his prayer is estopped to deny the correctness of the judgment in the same manner as if he had acquiesced in it or executed it voluntarily. State ex rel. John T. Moore Planting Company, Limited v. Howell, supra.
The general rule is not without exceptions. An appeal is allowed where an injustice will result or the judgment contains adverse adjudications which will prejudice the appealing party. Salassi v. Salassi, supra.
In this case the exceptions to the general rule do not apply. The judgment obtained by plaintiff contains no adverse adjudications. Further, the interest of justice does not require an appeal.
Plaintiff obtained full relief against defendant. Plaintiff obtained a money judgment and the recognition of its security *953 against certain immovable property. If, as alleged in brief, a federal tax lien exists, it is not affected by this litigation or by the failure of plaintiff to include the Internal Revenue Service as a party defendant. Both plaintiff and the Internal Revenue Service maintain their security subject to the provisions of law.
Based upon the above ruling, it is not necessary to discuss whether or not the Internal Revenue Service is in fact an indispensable party.
DECREE
For these reasons, the appeal of the plaintiff, Capital Bank, is dismissed at plaintiffs cost.

. The record does not contain any evidence supporting the allegations in brief concerning a federal tax lien nor was any pleading filed in the trial court referring to this tax lien.