825 So.2d 1238 (2002)
Barbara Dupre, Wife of, and Ferrel DUPRE
v.
John FLOYD, M.D., Victor Tedesco, M.D., Charles Ledoux, M.D. and Terrebonne General Medical Center
No. 2001 CW 2399.
Court of Appeal of Louisiana, First Circuit.
July 1, 2002.
*1239 Carl T. Conrad, for Defendant/Applicant Hospital Service District No. 1 of Terrebonne Parish, the owner and operator of Terrebonne General Medical Center.
J.R. Whaley, for Plaintiffs/Respondents Barbara Dupre, Wife Of, And Ferrel Dupre.
Before: GONZALES, KUHN, and CIACCIO[1], JJ.
PER CURIAM.
This matter is before us on an application for supervisory writs wherein relator, the defendant Hospital Service District No. 1 of Terrebonne Parish, the owner and operator of Terrebonne General Medical Center, seeks review of the trial court's judgment denying its exception of res judicata. We find no error and, therefore, we deny the writ.

FACTS AND PROCEDURAL HISTORY
On December 29, 1997, plaintiffs, Barbara and Ferrel Dupre, while represented by counsel, filed a medical malpractice claim with the Patients' Compensation Fund against John Floyd, M.D., Victor Tedesco, M.D., Charles Ledoux, M.D., and relator, Terrebonne General Medical Center.[2] The medical review panel exonerated each of the defendants. Plaintiffs in proper person then filed a petition for damages on February 26, 2001, docket number 131,422. Service was held at plaintiffs' request. On May 30, 2001, relator filed a declinatory exception raising the objection that service was not timely requested. At the hearing on the exception, the trial court granted the exception and dismissed plaintiffs' case with prejudice as to relator on June 29, 2001; judgment was signed in open court.
Plaintiffs retained new counsel who filed a new but nearly identical petition for damages on July 26, 2001, docket number 132,769. Relator filed a peremptory exception raising the objection of res judicata on July 30, 2001. Plaintiffs then filed a motion and order for appeal of the trial court's dismissal of their earlier case; the judge signed the order granting a devolutive appeal on August 6, 2001.
The trial court denied the res judicata exception in the later filed suit on the basis that the judge in the previous suit had incorrectly ordered the dismissal of plaintiffs' suit with prejudice, finding the dismissal should have been without prejudice pursuant to La. C.C.P. art. 1672C. The trial court ordered the matter reallotted to the division to which the prior suit was allotted. From the denial of the res judicata *1240 exception and the reallotment, relator seeks writs.

DISCUSSION
Relator contends that the trial court erred by sustaining "plaintiffs' efforts to forego an appeal of the June 29, 2001, Judgment by means of a collateral attack on that Judgment, denying that Judgment res judicata effect, and remanding the case to the division of its original allotment." Relator relies on La. R.S. 13:4231.
Plaintiffs contend that the judgments based on the failure to request timely service were inconsistent. The judgment dismissing relator was with prejudice, while the one dismissing the other parties was without prejudice.[3] Plaintiffs point out that the article applicable to their earlier suit, La. C.C.P. art. 1672C, only requires a dismissal without prejudice for failure to timely request service.[4] Therefore, plaintiffs contend that because they were unrepresented by counsel when the court dismissed the suit with prejudice, contrary to La. C.C.P. art. 1672C, exceptional circumstances justified the court's refusal to give the prior judgment res judicata effect.
La. R.S. 13:4231 states, in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(emphasis added).
The judge's decision and plaintiffs' contentions are based on the statute setting forth exceptions to res judicata, La. R.S. 13:4232, which states in pertinent part:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
(emphasis added).
We need not decide whether exceptional circumstances exist in this case. Because the first judgment is on appeal, it is not a final judgment, which is needed as the basis of a res judicata claim. In Avenue Plaza, L.L.C. v. Falgoust, 96-0173 p. 5 *1241 (La.7/2/1996), 676 So.2d 1077, 1079, a suit which dealt with the finality of a judgment but not on the same facts as presented in the case at bar, the supreme court stated: "A final judgment from which there can be no appeal acquires the authority of the thing adjudged. La.C.C. art. 3506(31). Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment's error."[5]
Two older cases under prior law indicate that a judgment is not final while an appeal is pending. In Mente & Co. v. Anciens Etablissements Verdier-Dufour & Cie, 177 La. 829, 149 So. 492, 493 (1933), the supreme court held that a judgment from which a devolutive appeal has been taken was not a "final judgment" as regards another suit involving the same issues between the same parties in another court. In Richmond v. Newson, 24 So.2d 174, 175 (La.App. 2 Cir.1945), the court stated, "To constitute res judicata a judgment of necessity must have become final; no appeal therefrom may be possible." In Harvin v. Blackman, 112 La. 24, 36 So. 213, 214-215 (1904), the court held that judgments against a tenant for rent and eviction, while not technically res judicata, because the delay for taking a devolutive appeal had not expired, precluded any further action by the same court on the matters litigated.
Because the judgment in the case at bar is not final, relator's objection to plaintiffs' second proceeding would more properly be a lis pendens exception. La. C.C.P. art. 531 states:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
The court did not err in realloting the matter to the division to which the previous suit was allotted. Rule 2 of the Civil Court Rules for the Thirty-Second Judicial District Court, regarding allotment of cases, provides as follows:
Suits on proceedings not in their nature original, but growing out of suits or proceedings previously ending shall be allotted to the same division of Court which the original suit was allotted. Whenever, by error or oversight, this rule shall be violated, the Judge to whom the matter was allotted shall order the matter transferred to the proper division.
Whenever a suit is voluntarily dismissed, without prejudice and refiled, the subsequent suit shall be reallotted to the same division as the original suit. Upon discovery of any violation of this rule the Judge to whom the matter was allotted on the motion of any party or on his own motion shall order the matter transferred to the proper division.

CONCLUSION
Therefore, this writ is denied.
WRIT DENIED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The complaint was also the subject of a discovery suit, docket number 121,535.
[3] This court does not have the other judgment(s), but the judge at the hearing stated that the others were dismissals without prejudice.
[4] La. C.C.P. art. 1672C states:

A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
La. C.C.P. art. 1201C states:
Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver.
[5] La. C.C. art. 3506(31) was repealed by Acts 1999, No. 503, § 1. It read as follows:

31. Thing Adjudged.Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.